NORTHSIDE CAB COMPANY, INC. *v.* MARY PENMAN.

[No. 2-872A45. Filed December 29, 1972. Rehearing denied February 5, 1973. Transfer denied May 7, 1973.]

*John D. Raikos, Raikos, Melangton, Doughterty & Christ,* of counsel, of Indianapolis, for appellant.

*Richard P. Watson, John C. Carvey, Carvey, Watson & McNevin,* of counsel, of Indianapolis, for appellee.

### ON APPELLEE'S MOTIONS TO DISMISS OR AFFIRM

PER CURIAM—This cause is pending before the Court on two Motions to Dismiss or Affirm filed by the appellee, and the appellant's responses thereto.

The first Motion to Dismiss filed by the appellee complains that the transcript does not contain marginal notes on every page and that the appellant has included matters in the transcript which are not necessary to determine the issues on appeal.

Appellant's response to this Motion is that it has made a good faith effort to comply with the rules in that marginal

notes appear on substantially all of the pages, and that neither lack of marginal notes nor surplus of transcript should prevent disposition of the case on the merits. We have examined the record of the proceedings and agree with appellant's response. The appellee's first Motion to Dismiss is therefore overruled.

Appellee's second Motion to Dismiss alleges that appellant's appeal was not timely filed.

An examination of the record herein reveals that judgment by default against the defendants was rendered in the trial court. The time expired within which that judgment could have been appealed without any appeal being taken.

Thereafter, defendant-appellant Northside Cab Co., Inc. filed a motion for relief from that judgment pursuant to Trial Rule 60 (B). This appeal is from the judgment of the trial court denying the TR. 60 (B) motion. The appellee asserts that after the judgment on the TR. 60 (B) motion, appellant should have appealed directly to this Court without interposing a motion to correct errors in the trial court, should have filed the praecipe within thirty days after the ruling on the TR. 60 (B) motion, and should have perfected the appeal in this Court within ninety days after the ruling.

Appellant asserts that it was required to file a motion to correct errors directed to the trial court's judgment on its TR. 60 (B) motion as the first step in an appeal from that judgment. Appellant further asserts its appeal was timely taken, in that the motion to correct errors was filed within sixty days after the judgment, the praecipe was filed within thirty days after the ruling on the motion to correct errors, and the record of the proceedings was filed in this Court within ninety days after the ruling on the motion to correct errors.

Thus the crux of the question presented by the second motion to dismiss is whether, in appealing from a judgment deny-

ing relief on a TR. 60(B) motion, the appellant must file a motion to correct errors in the trial court as the first step of that appeal, or whether he should appeal directly, assigning as error in this Court the overruling or denying of the motion for relief from judgment.

TR. 60(C) provides as follows:

"(C) Appeal—Change of venue. A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdivision (B) of this rule shall be deemed a final judgment, *and an appeal may be taken therefrom as in the case of a judgment.* No change of venue in such cases shall be taken from the judge or county except for cause shown by affidavit." (Our emphasis)

TR. 59(G) provides the only exclusions when a motion to correct errors shall not be required as a condition precedent to appeal, namely: appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution. Both the Appellate Court, in the case of *Bradburn* v. *County Department of Public Welfare of St. Joseph County et al.* (1971), 148 Ind. App. 387, 266 N.E.2d 805, and the Supreme Court in the case of *Indiana State Personnel Board et al.* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448, have held that a motion to correct errors must be filed in all instances, except for the particular instances provided in TR. 59(G), before an appeal can be taken.

In the *Wilson* case, the Supreme Court stated at Page 452:

"The above sub-section (G) [of TR. 59] provides the only exclusions when a motion to correct errors shall not be required. Said subsection also explicitly provides that issues which could be raised by a motion to correct errors must be so raised in order to be considered upon appeal."

\* \* \*

"Thus, it is the purpose of the rules, pertaining to both trial and appellate procedure, that the motion to correct errors must be filed in all instances, except for the particular

instances provided in TR. 59 (G), so that all matters of which a party complains in any proceedings in the trial court must be first brought to the attention of that court and opportunity given to said court to correct said alleged errors before an appeal can be taken. This was not done in this case and this Court is without jurisdiction of this attempted appeal."

It appearing that this case does not fall within any of the exclusions enumerated in TR. 59 (G) in which a motion to correct errors is not required, we are of the opinion that appellant properly filed its motion to correct errors directed to the Court's judgment on the TR. 60 (B) motion, and that appellant thereafter timely perfected this appeal. Accordingly, the appellee's second motion to dismiss is overruled.