MICHAEL R. RENFROE *v.* STATE OF INDIANA.

[No. 3-1073A132. Filed September 19, 1974.]

Kenneth M. McDermott, of Plymouth, for appellant.

Theodore L. Sendak, Attorney General, Glenn A. Grampp, Deputy Attorney General, for appellee.

PER CURIAM—A juvenile petition was pending against defendant and pursuant to court order he was being detained in the county jail. He escaped and was recaptured the next day. Eight days after his escape, pursuant to hearing, juvenile jurisdiction was waived on the original matter and he was charged in criminal court. Three days later he was charged with the jail break. (He had his eighteenth birthday prior to the escape.)

When he later entered a plea of guilty to these charges, the court imposed consecutive sentences. We believe this was erroneous.

The statute provides in relevant part:

". . . If such person shall be convicted of the commission of a felony for which he was imprisoned [or] in custody at the time of his escape, any penalty imposed under the provision of this act shall be in addition to the penalty imposed for the commission of such other felony, and shall not run concurrently therewith. . . ." IC 1971, 35-21-8-1, Ind. Ann. Stat. § 10-1809 (1974 Supp.)

In construing the statute, it should be noted that (a) the juvenile code is to be liberally construed to effect its social purpose towards juveniles. There is a presumption in favor of disposing of juvenile matters within the juvenile system, *Atkins* v. *State* (1972), 259 Ind. 596, 290 N.E.2d 441; and (b) penal statutes are to be strictly construed against the state. *State* v. *Bigbee* (1973), 260 Ind. 90, 292 N.E.2d 609.

Applying these dual concepts to defendant's case, it must be said that at the time of his escape, he was not imprisoned or in custody for a felony. At that time he was in custody on a juvenile detention, and was merely charged on a juvenile petition.

However, we are unable to presently afford the defendant relief because we lack jurisdiction of his attempted appeal. After sentencing he filed a petition for relief under Post Conviction Remedy, Rule 1. The court denied relief, and this appeal followed. No motion to correct errors has ever been filed addressed to the court's ruling upon the PCR 1 petition. The filing of such a motion is a prerequisite to invoking the jurisdiction of this court. Indiana Rules of Procedure, Trial Rule 59(G). *Indiana State Personnel Board* v. *Diggs* (1971), 257 Ind. 156, 272 N.E.2d 868.

However, the trial court does have jurisdiction and should proceed pursuant to IC 1971, 35-4.1-4-17, Ind. Ann. Stat. § 9-1827a (Burns 1974 Supp.) which provides for the correction of an erroneous sentence.

The present attempted appeal is dismissed.

NOTE.—Reported at 315 N.E.2d 405.