MARIE E. HOOKER *v.* TERRE HAUTE GAS CORPORATION.

[No. 1-174A15. Filed October 29, 1974.]

44

*Emil Jaczynski,* of Ft. Lauderdale, Florida, *Peter J. Marietta,* of Newport, *Daniel W. Helt,* of Newport, for appellant.

*Jordan D. Lewis, Lewis and Lewis,* of Terre Haute, for appellee.

LOWDERMILK, J.—This action arose from a gas explosion which occurred on the 20th day of October, 1964, with plaintiff-appellant filing her complaint on September 29, 1966. Following an answer by defendant-appellee the cause was set for trial for September 8, 1969. This trial date was vacated at plaintiff's request. Afterward, on request of plaintiff's new counsel, the court reassigned the case for trial for February 15, 1971. Trial was next continued by agreement of the parties to April 12, 1971, re-set for May 10, 1971, and re-scheduled for November 15, 1971. Plaintiff requested that this date be set aside, which motion was granted by the court and on April 21, 1972, the court, *sua sponte,* set the case for June 12, 1972. On June 7, 1972, the plaintiff filed another

motion for continuance and the court set a hearing on that motion for June 12, 1972.

At the hearing on the motion for continuance plaintiff appeared in person without counsel. (Plaintiff's counsel was not present owing to the death of counsel's father). The court refused to grant the continuance over plaintiff's objection and received and granted defendant's motion to dismiss with prejudice for want of prosecution.

On June 21, 1972, plaintiff filed her Petition to Reinstate (Motion I), after which defendant filed an objection. Motion I was overruled on September 26, 1972. New local counsel for plaintiff entered a limited appearance on October 24, 1972, for the purpose of filing and pursuing a motion for hearing on the motion to dismiss and a praecipe. Plaintiff filed her Motion to Reinstate (Motion II) on January 5, 1973, with argument being held on that motion. Motion II was overruled on March 19, 1973, after which plaintiff filed her motion to correct errors, which was subsequently overruled.

Defendant filed a motion to dismiss or affirm the judgment with this court, which motion was denied.

Defendant-appellee has again raised the issue of whether this court has jurisdiction to consider this appeal. The defendant-appellee points out that no motion to correct errors in this cause was filed until April 16, 1973. The original judgment dismissing this action for want of prosecution was entered on June 12, 1972, and a Petition to Reinstate (Motion I) was denied on September 28, 1972. It is defendant's position that plaintiff lost her right to appeal by not timely filing a motion to correct errors for either the judgment dismissing the action or the Petition to Reinstate (Motion I).

There has been some confusion in this cause as to the status of Motion I. Plaintiff-appellant contends that said motion was filed upon assurances by the trial court to plaintiff's Florida counsel (who was absent from the hearing on the continuance due to the death of his father) that the cause

would be reinstated upon a showing that said counsel was in fact at the funeral of his father on the date of hearing. Motion I reads, in pertinent parts, as follows:

"COMES now the Plaintiff, by and through her undersigned Attorney, and files this her petition to reinstate the above cause and for reason thereof sets forth as follows:

1) That the cause herein has been dismissed for lack of prosecution by reason of counsel not appearing for trial on June 12, 1972, and motions filed therein.

2) That counsel for plaintiff had a death in his family, in that his father died on the date of June 10, 1972, at approximately the hour of 3:30 P.M., and in support of same certified copy of the death certificate is attached herewith.

3) That in further support of this petition, counsel for plaintiff attaches herewith his affidavit."

Attached to this motion was a death certificate of counsel's father and an affidavit by counsel that he in fact was attending the funeral of his father on the hearing date. It is our opinion that Motion I must be considered a motion for relief from judgment in accordance with Ind. Rules of Procedure, Trial Rule 60.

The action was dismissed on June 12, 1972, as a result of the plaintiff's failure to prosecute the action pursuant to Ind. Rules of Procedure, Trial Rule 41(E). The procedure for reinstatement of the dismissed action is set forth in TR. 41(F), which reads as follows, to-wit:

"(F) Reinstatement of dismissal. For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. *A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."* (Our emphasis.)

The dismissal in the case at bar was made with prejudice by order of the trial court. Thus, the dismissal could be set aside and the cause reinstated only in accordance with the provisions of TR. 60(B).

Motion I, although not entitled a motion under TR. 60(B) must, nevertheless, be considered as a motion under that rule.

It is obvious from reading Motion I that it is based on the provisions of TR. 60 (B) (1), wherein relief from a judgment may be secured if excusable neglect can be shown. It is not necessary, for purposes of this appeal, for this court to determine whether Motion I is sufficient to show excusable neglect. We are only required to determine herein whether this issue is properly before us.

The denial of a motion for relief from judgment under TR. 60 (B) is a final judgment and an appeal may be taken therefrom. (See TR. 60[C]). In the case of *North-side Cab Co., Inc.* v. *Penman* (1972), 155 Ind. App. 23, 290 N.E.2d 782, this court held that a motion to correct errors pursuant to Ind. Rules of Procedure, Trial Rule 59, was the necessary procedural step in taking an appeal from a final judgment denying relief on a TR. 60 (B) motion. If no motion to correct errors is timely filed after the denial of the TR. 60 (B) motion, then this court is without jurisdiction to consider the appeal. It is unquestioned that no motion to correct errors was timely filed after the trial court overruled Motion I on September 28, 1972. Thus, no errors are properly presented to this court based upon Motion I.

Motion II is also a motion to reinstate and is for all practical purposes a TR. 60 (B) motion. An examination of Motion II discloses that one of the principle bases of this motion is excusable neglect, which was also raised in Motion I. In Motion II plaintiff also refers to the alleged statements by the trial court that the cause would be reinstated upon certain actions by plaintiff's attorney. It is apparent that Motion I and Motion II are, in the main, based upon the same alleged error, that being excusable neglect in the failure of plaintiff's attorney to appear at the hearing on the motion for continuance and the trial court's offer to reinstate the cause. It is our opinion that the proper mode of appeal would have been for the plaintiff to file a motion to correct errors following denial

of Motion I. It would be ludicrous to argue that the same error could be raised again and again in order to extend the time for appeal. When the plaintiff filed Motion I with the alleged errors therein contained her only mode of appeal was an appeal from the denial of that motion and having failed to perfect such an appeal, plaintiff could not raise the same error in a subsequent TR. 60(B) motion simply to extend the time for an appeal. *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377.

The remaining point to be discussed in this appeal concerns rhetorical paragraphs 2 and 3 of Motion II, which attempt to raise an issue relating to the motion to dismiss filed by defendants on June 12, 1972, and sustained by the trial court. Plaintiffs contend that no hearing on this motion to dismiss was held, as is required by TR. 41(E). For purposes of this appeal this court need not decide whether such a hearing was or was not in fact held, but, rather, we must decide in the first instance whether the failure to hold such a hearing can be properly raised under a TR. 60 motion.

A TR. 60 motion is not the only method of attack on the granting of a motion to dismiss under TR. 41(E). The grant-ing of a motion to dismiss with prejudice under TR. 41(E) is a final judgment from which a direct appeal can be taken. The purpose of a TR. 60 motion is to reinstate the dismissal if the dismissal was caused by one of the grounds under TR. 60(B).

The failure to hold a hearing is a matter occurring in the proceedings and is in effect a matter of substance. There could be a well reasoned argument propounded that the failure to hold a hearing could be a denial of due process and as such a direct appeal challenging the judgment could be taken. A careful examination of the grounds for relief from judgment under TR. 60 discloses no ground upon which an appeal could be taken on the basis referred to in rhetorical paragraphs 2 and 3 of Motion II. The failure to hold a hearing is certainly not a clerical mistake under TR. 60(A). TR.

60 (B) denominates eight general grounds upon which a party may be relieved from a final judgment but none of these grounds speaks to a substantive error during a trial. The comments of the Civil Code Study Commission relating to TR. 60 (B) state as follows:

> "For example, errors of law committed at a trial, ordinarily, do not come within the excusable neglect provision." Harvey & Townsend, Indiana Practice Rules of Procedure, Annotated, Vol. 4, p. 197.

Plaintiff has failed to cite any authority which would permit her to question the alleged failure to hold a hearing through a TR. 60 motion, and it is our opinion that no such authority exists. It must be remembered that plaintiff appeared in person at the trial and had knowledge that no hearing was held on the motion to dismiss. Shortly after the granting of the motion to dismiss, plaintiff, by her attorney, filed what we have denominated in this opinion as a TR. 60 motion. None of the grounds enumerated in Motion I would preclude a direct appeal of the granting of the motion to dismiss on the basis of the failure to hold a hearing. A motion to correct errors is proper when a party has been denied a fair trial by any irregularity in the proceedings of the court. TR. 59 (A) (1). It is our opinion that plaintiff could only raise the allegations of error specified in rhetorical paragraphs 2 and 3 of Motion II through a timely filed motion to correct errors and the attempt to raise such an issue in a TR. 60 motion is improper. By so holding, we are not deciding the efficacy of raising a new issue in a subsequent TR. 60 motion when that issue was or should have been known to a party at the time of the filing of the first TR. 60 motion.

Finding no reversible error the judgment of the trial court is hereby affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 317 N.E.2d 878.