CHARLES YERKES *v.* WASHINGTON MANUFACTURING CO., INC. AND JACK DOUGHERTY.

[No. 1-374A40. Filed April 28, 1975.]

*Joe D. Black,* of Vincennes, for appellant.

*James F. Havill,* of Washington, for appellees.

LYBROOK, J.—Plaintiff-appellant Charles Yerkes appeals the decisions of the trial court granting defendants-appellees' motion for summary judgment on plaintiff's complaint seeking damages for malicious prosecution and defendants' motion for

default judgment on their counterclaim seeking judgment on open account.

Our decision necessitates discussion of the following issues:

(1) Whether plaintiff has complied with the requirements of the rules of procedure in the preparation of his appellate brief.

(2) Whether there existed genuine issues as to material facts on plaintiff's claim for malicious prosecution, thereby rendering improper the entry of summary judgment pursuant to defendants' motion.

(3) Whether plaintiff complied with applicable procedures for obtaining relief from a default judgment, and whether plaintiff properly perfected his appeal from the denial of such relief.

During 1971, plaintiff Yerkes was associated with defendant Washington Manufacturing Company as a distributor of the company's goods. Defendant Dougherty was vice-president and sales manager of the company. On July 8, plaintiff presented to defendant company a check written in the sum of $553.80 as payment for goods which he had purchased. When the company attempted to negotiate said check it was returned by the bank upon which it was drawn marked "account closed."

Defendants caused a criminal action to be brought against plaintiff on August 12, 1971. Plaintiff was charged with and arrested for the felony of falsely and fraudulently issuing a check to defendants in the sum of $553.80. However, on the date of trial, the State dismissed the charge. Thereafter, plaintiff initiated this action seeking damages on the theory of malicious prosecution. Defendants counterclaimed seeking judgment on account for the amount alleged to be due and owing by plaintiff to defendant company.

Prior to trial, defendants' motion for summary judgment on plaintiff's claim was granted, and the court entered judgment for defendants thereon. Further, the court granted defendants' motion for judgment by default on their counterclaim. Following hearing on the issue of damages, the court

entered judgment against plaintiff and in favor of defendants in the sum of $2497.90. Thereafter, plaintiff's motion to correct errors was overruled, and this appeal followed.

## I.

Defendants argue that plaintiff should be deemed to have waived all asserted errors in this appeal due to non-compliance with Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7). We cannot agree. Plaintiff has failed to specifically set forth with the respective arguments in his brief the applicable errors assigned in his motion to correct errors. However, preceding each of his arguments, plaintiff has made numerical reference to the appropriate specifications in his motion to correct errors. Though the specifications are not specifically set forth, the issues have been sufficiently framed and articulated. This court prefers to decide cases on their merits whenever possible, and where a brief is in substantial compliance with the rules, waiver of error will not result from the failure to include all that Rule AP. 8.3 technically requires. *Moore* v. *Funk* (1973), 155 Ind. App. 545, 293 N.E.2d 534; *Smith* v. *Chesapeake and Ohio Railroad Company* (1974), 160 Ind. App. 256, 311 N.E.2d 462.

## II.

In an action for malicious prosecution, the plaintiff must prove (1) that the defendant instituted or caused to be instituted a prosecution against the plaintiff, (2) that the defendant acted maliciously in doing so, (3) that the prosecution was instituted without probable cause, and (4) that the prosecution was terminated in the plaintiff's favor. *Barrow* v. *Weddle Brothers Construction* (1974), 161 Ind. App. 601, 316 N.E.2d 845; *Stivers* v. *Old National Bank* (1970), 148 Ind. App. 196, 264 N.E.2d 339; *Cassidy* v. *Cain* (1969), 145 Ind. App. 581, 251 N.E.2d 852.

Defendants in their brief expressly concede that the affidavits submitted in support of and in opposition to defendants'

motion for summary judgment establish that defendants initiated the prosecution and that the prosecution terminated in favor of plaintiff. Defendants also acknowledge that plaintiff's affidavit alleges facts which might lead to establishment of the element of malice. Therefore, defendants were entitled to summary judgment only if there existed no genuine issue of fact material to the issue of probable cause and if the facts revealed established as a matter of law that probable cause existed for the initiation of the prosecution against the plaintiff.

IC 1971, 35-17-5-10, Ind. Ann. Stat. § 10-3037 (Burns Supp. 1974), provides in relevant part:

"A person commits crime when:

\* \* \*

(2) he issues or delivers a check or other order upon a credit institution or person for the payment of money or other property, knowing that it will not be paid or honored by the drawee. The fact that the drawer has insufficient funds in or has no account with the drawee credit institution shall create an inference that the actor knew that it would not be paid or honored by the depository; Provided, That in the event the maker or drawer has an account in such credit institution but does not have sufficient funds in said account, he shall not have committed a crime under this section of the act [§§ 10-3028—10-3041] if he shall have paid the drawee thereof the amount due thereon, together with protest fees, within ten [10] days after receiving notice that such check, draft or order has not been paid by the drawee. . . ."

That the drawee bank refused to honor plaintiff's check when presented by defendants for payment is without dispute. Moreover, plaintiff admitted in his affidavit in opposition to defendants' motion that he lacked sufficient funds in his account for payment of the check at the time it was given to defendants. However, plaintiff in his affidavit further alleged the following facts: that at the time the check was given he advised defendant Dougherty that his account lacked sufficient funds for payment of the check; that defendant Dougherty stated that he would hold the check until plaintiff had sufficient funds in his account; that approximately one week

to ten days later plaintiff offered to redeem the check for cash, but that defendant Dougherty refused plaintiff's offer and stated, "I will take the check to our attorney and let him decide what we want to do with it." Pursuant to the principles governing consideration of motions for summary judgment, these facts asserted by plaintiff and supported by affidavit must be taken as true. *Ross* v. *Farmers Insurance Exchange* (1971), 150 Ind. App. 428, 277 N.E.2d 29; *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688.

"Probable cause for the institution of a criminal prosecution, so as to defeat an action for malicious prosecution, exists where the facts found on reasonable inquiry are such as will reduce a reasonably intelligent and prudent person to believe that the accused had committed the crime charged." *Stivers* v. *Old National Bank, supra;* also see, *Indianapolis Traction and Terminal Co.* v. *Henby* (1912), 178 Ind. 239, 97 N.E. 313.

". . . There must be real, honest belief, and reasonable grounds upon all the appearances after such investigation as a prudent person would make, under the circumstances of the case, to afford a justification." *Hutchinson* v. *Wenzel* (1900), 155 Ind. 49, 56 N.E. 845.

Assuming the truth of the allegations in plaintiff's affidavit concerning the circumstances under which defendants accepted the check, we cannot conclude as a matter of law that the facts within defendants' knowledge were such as to lead a reasonable person to the belief that plaintiff had committed the offense charged.

In an apparent attempt to establish the defense of advice of counsel, defendants submitted in support of their motion for summary judgment the affidavit of the Prosecuting Attorney of Daviess County. Therein, it is stated that defendants sought his advice and counsel in regard to the check given by plaintiff, and that upon the facts communicated to him by defendants he was of the opinion that probable cause existed to warrant institution of criminal proceedings. However, to be entitled to the defense, defendants must have sought the advice honestly and in good faith. *Barrow* v. *Weddle Brothers Construction, supra; Indianapolis Traction*

*and Terminal Company* v. *Henby, supra.* In light of the allegations in plaintiff's affidavit previously set forth herein, there exists an inference that defendants may not have been acting in good faith in seeking advice of counsel. Even where facts are not disputed, summary judgment is improper where there may be disagreements as to the inferences to be drawn therefrom. See, *Tapp* v. *Haskins* (1974), 160 Ind. App. 117, 310 N.E.2d 288.

On the basis of the foregoing analysis we are unable to conclude that defendants were entitled to judgment as a matter of law. Therefore, the court erred in granting defendants' motion for summary judgment.[1]

### III.

Plaintiff argues that the trial court abused its discretion in refusing to set aside the judgment by default entered in favor of defendants on their counterclaim. For the reasons hereinafter stated, we conclude that this issue has not been properly preserved for review in this appeal.

Plaintiff first sought relief from the default judgment in his motion to correct errors. Specifications nos. 2 and 3 therein asserted that entry of the judgment constituted an abuse of discretion and sought vacation of the same on the grounds of excusable neglect. Plaintiff's affidavit in support of his motion to correct errors alleged facts purporting to demonstrate both that the default was due to excusable neglect and that plaintiff had a meritorious defense to the claim asserted by defendants' counterclaim. Plaintiff's motion to correct errors was overruled by the trial court. Thereafter, plaintiff filed his praecipe for transcript of the proceedings and initiated this appeal.

Drawn into question is the proper method of seeking relief from a judgment entered by default pursuant to Ind.

---

1. Due to our resolution of the foregoing issue we need not discuss plaintiff's contention that the court erred in failing to specifically find that there existed no genuine issue as to any material fact in its entry of judgment pursuant to defendants' motion for summary judgment.

Rules of Procedure, Trial Rule 55, and the procedure of perfecting an appeal from the denial of such relief. Defendants contend that the method employed by plaintiff is procedurally defective and that as a consequence plaintiff has failed to preserve any error for consideration on appeal.

TR. 55 (C) provides:

> "A judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60 (B)."

Examination of the comments of the Indiana Civil Code Study Commission reveals an intent by the drafters that entry of the judgment may be set aside *only* in accordance with the provisions of Ind. Rules of Procedure, Trial Rule 60 (B). See, 3 Harvey Indiana Practice at 521 (accord, Authors Comments § 55.6 at 524).

Since default judgments may be set aside only in accordance with TR. 60 (B) and since the relief sought by plaintiff was upon grounds stated in that rule,[2] specifications nos. 2 and 3 of plaintiff's motion to correct errors are in substance, and must be treated as, a TR. 60 motion seeking relief from judgment or order of the court. Denial of such relief is implicit in the court's adverse ruling on plaintiff's motion to correct errors.

Pursuant to the terms of TR. 60 (C), the ruling of the court with respect to plaintiff's application for relief from the default judgment constituted a final appealable judgment. Thus, there arises the question of whether plaintiff should have moved for a correction of errors directed at the denial of relief from the default judgment prior to perfecting his appeal to this court. The answer must, of course, be in the affirmative. As this court wrote in *Northside Cab Co., Inc.* v. *Penman* (1973), 156 Ind. App. 577, 297 N.E.2d 838:

---

2.  TR. 60 (B) provides in pertinent part:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

(1) mistake, surprise, or excusable neglect; * * *"

"A judgment refusing to vacate a default judgment is a final appealable judgment. *Klutey* v. *Daviess Circuit Court*, 245 Ind. 400, 199 N.E.2d 335 (1964), and *Heck* v. *Wayman*, 94 Ind. App. 74, 179 N.E. 785 (1932). It is also among the categories of final judgment which require the filing of a motion to correct errors under TR. 59(A). See *Lows* v. *Warfield*, Ind. App., 259 N.E.2d 107 (1970), and *Bradburn* v. *County Department of Public Welfare of St. Joseph County*, Ind. App., 266 N.E.2d 805 (1970)."

Since plaintiff failed to file a motion to correct errors directed to the court's refusal to vacate the judgment by default, we lack jurisdiction to entertain any contentions of error questioning the trial court's disposition of defendants' counterclaim. See, *Renfroe* v. *State* (1974), 161 Ind. App. 519, 316 N.E.2d 405.

## CONCLUSION

The trial court erred in granting defendants' motion for summary judgment and entering judgment for defendants on plaintiff's complaint. Said judgment is hereby reversed. Insofar as this appeal attempts to challenge the entry of judgment by default in favor of defendants on their counterclaim, it is hereby dismissed.

Reversed in part; dismissed in part.

Robertson, C.J. and Hoffman, J. (participating by designation), concur.