JOHN S. POUCH AND MAXINE D. POUCH *v.* PUBLIC SERVICE COMPANY OF INDIANA, INC.

[No. 1-175A9. Filed September 4, 1975. Rehearing denied October 21, 1975. Transfer denied May 5, 1976.]

*George W. Languell, Languell and Mathes,* Spencer, for appellants.

*Elliott Hickam, Hickam & Hickam,* Spencer, and *Frank T. Lewis* and *James R. Pope,* Plainfield, for appellees.

PER CURIAM—This cause is pending before the Court on the Appellee's Motion to Dismiss or Affirm which alleges lack of jurisdiction of this Court over this appeal because the record of the proceedings herein was not timely filed.

This action was commenced by the plaintiff-appellee filing its Complaint in Condemnation against the defendants-appellants and others, on September 5, 1974. Thereafter the defendants John S. Pouch and Maxine Pouch filed Objections to the Complaint, after which a hearing was held, the Objections were overruled and appraisers were appointed on November 12, 1974, as provided for by IC 1971, 34-11-1-5, Ind. Ann. Stat. § 3-1705 (Burns 1968). Pursuant to this statute,

an appeal may be taken from such Order by the defendants upon the filing of a bond within 10 days after the appointment of appraisers, and the transcript being filed in the reviewing court within 30 days after the filing of the appeal bond.

The record reveals the following sequence of events:

| | |
|---|---|
| 11-12-74 | Court overrules Objections of the defendants Pouch and appoints appraisers. |
| 11-26-74 | Defendants Pouch file Motion to Set Aside Order Overruling Defendant's Objections and Appointing Appraisers. |
| 11-26-74 | Defendants Pouch file Praecipe. |
| 11-26-74 | Defendants Pouch file appeal bond. |
| 12-12-74 | Court overrules defendants' Motion to Set Aside Order Overruling Defendants' Objections and Appointing Appraisers. |
| 1-13-75 | Defendants Pouch file in Court of Appeals Petition for Extension of Time Within Which to file Record of Proceedings. |

It has been held that the provisions of the Act authorizing the taking of an appeal before final judgment in eminent domain proceedings is special in character, and the party seeking to appeal thereunder must bring himself clearly within the procedure which he undertakes to invoke, since statutes providing for appeals from interlocutory orders must be strictly construed.[1]

Pursuant to the statute, the defendants were required to file their bond within 10 days after the appointment of appraisers and were required to file the transcript within 30 days after the filing of the appeal bond.[2] Having filed their appeal bond on November 26, 1974, the transcript was due to be filed in this Court on or before December 26, 1974. The transcript was not filed

---

1. *State* v. *Wood* (1942) 219 Ind. 424, 39 N.E.2d 448; *Indiana Service Corp.* v. *Town of Flora* (1941) 218 Ind. 208, 31 N.E.2d 1015.
West, Indiana Law Encyclopedia, Vol. 11, Eminent Domain, § 115, pp. 693, 694.

2. The Supreme Court of Indiana has held the bonding requirement of the statute is not jurisdictional. See: *Dzur* v. *Northern Indiana Public Ser. Co.* (1972), 257 Ind. 674, 278 N.E.2d 563.

within that time and the appellants' first petition for an extension of time within which to file the transcript was not filed until January 13, 1975, after the time when their right to appeal had expired. The appellants therefore failed to bring themselves within the requirements of the statute permitting appeals from orders overruling objections to a complaint for condemnation and appointing appraisers, and cannot claim relief under that statute.

The appellants did, however open up another avenue for relief by filing their Motion to Set Aside Order Overruling Defendants' Objections and Appointing Appraisers, in which they alleged newly discovered evidence and surprise on the matter of title to the real estate, and prayed the court to set aside its previous order, reopen the hearing on the objections and to hear additional evidence.

The Court held a hearing on this motion at which time further evidence was adduced, and at the conclusion of which, on December 12, 1974, the Court overruled the Motion to Set Aside the Order Overruling Defendants' Objections.

We consider the defendants' Motion to Set Aside to have been made pursuant to Rule Tr. 60(B), as do the appellants. In Appellants' Brief in Opposition to the Motion to Dismiss or Affirm they discuss the basis of their Motion to Set Aside as being "newly discovered evidence and surprise, both of which warrant relief from an order according to Tr. 60." Appellants further state: "It was not until after the order of December 12, 1974, that appellants had anything to appeal from."

Rule TR. 60(B) provides that on Motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons: (1) . . . surprise . . .; (2) . . . newly discovered evidence . . ."

Rule Tr. 60(C) provides that a ruling or order of the Court denying or granting relief in whole or in part by motion

under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment. After the denial of their Motion to Set Aside, the defendants did not file a motion to correct errors in the trial court. Instead the appellants perfected their appeal to this Court and filed with the record of the proceedings an assignment of errors which is appropriate in appeals from interlocutory orders, and which would have been appropriate had the appellants timely perfected an appeal from the trial court's order overruling their Objections to the Complaint in Condemnation. This Court has previously held that the filing of a motion to correct errors is a prerequisite to taking an appeal from a ruling on a TR. 60(B) motion. In the case of *Hooker* v. *Terre Haute Gas Corporation* (1974), 162 Ind. App. 43, 317 N.E.2d 878, 880, Judge Lowdermilk speaking for the Court stated:

> "The denial of a motion for relief from judgment under TR. 60(B) is a final judgment and an appeal may be taken therefrom. (See TR. 60[C]). In the case of *Northside Cab Co., Inc.* v. *Penman* (1972), [155] Ind. App. [23], 290 N.E.2d 782, this court held that a motion to correct errors pursuant to Ind. Rules of Procedure, Trial Rule 59, was the necessary procedural step in taking an appeal from a final judgment denying relief on a TR. 60(B). If no motion to correct errors is timely filed after the denial of the TR. 60 (B) motion, then this court is without jurisdiction to consider the appeal. It is unquestioned that no motion to correct errors was timely filed after the trial court overruled Motion I on September 28, 1972. Thus, no errors are properly presented to this Court based upon Motion I."

Because the appellants failed to perfect their interlocutory appeal provided for by IC 1971, 34-11-1-5, Ind. Ann. Stat. § 3-1705 (Burns 1968) within the time permitted by that statute, we have no jurisdiction to consider their appeal under that statute.

Since the appellants failed to file a motion to correct errors after the denial of their Motion to Set Aside Order pursuant to Rule TR. 60, we are without jurisdiction to consider that appeal.

The appellee's Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported at 333 N.E.2d 812.

