**PRE-FINISHED MOULDING & DOOR, INCORPORATED, Plaintiff-Appellant,**

**v.**

**INSURANCE GUIDANCE CORPORATION and Charles Loxterman, Defendants-Appellees.**

No. 3–781A167.

Court of Appeals of Indiana, Third District.

July 28, 1982.

---

Samuel J. Rodino, Elkhart, for plaintiff-appellant.

Richard E. Steinbronn, Samuel S. Thompson, Thornburg, McGill, Deahl, Harman, Carey & Murray, Elkhart, for appellee Insurance Guidance Corp.

Worth Yoder, Elkhart, for appellee Charles Loxterman.

GARRARD, Judge.

This appeal concerns a dismissal pursuant to Indiana Rules of Procedure, Trial Rule 41(E). The case had been fully tried to the court and taken under advisement. When no decision had been rendered after nine months the plaintiff moved to set aside the submission and have the case transferred to a new judge as provided by Trial Rule 53.2.[1]

The case was transferred to The Honorable Donald W. Jones by the Supreme Court on January 25, 1979. Nothing further happened until February 15, 1980 when the judge issued a rule to show cause why the case should not be dismissed for lack of prosecution. On August 12, 1980 the court dismissed the case on that ground.

On September 12, 1980 the plaintiff filed a TR 60(B) motion seeking to reinstate the case. That motion was denied on October 3, 1980 and on December 2, 1980 plaintiff filed a motion to correct errors addressed to the ruling on the TR 60 motion.

The trial court determined that plaintiff's original motion to reinstate, which was filed within sixty days after the order of dismissal was in reality a motion to correct errors and that the motion of December 2, 1980 was untimely since it was filed more than sixty (60) days after the order of dismissal. *See* TR 59(C). This appeal followed.

I.

We must first determine whether the appeal is properly before us. The defendants urge that it is not. They assert that the plaintiff was required to praecipe the appeal pursuant to AP 2(A) within thirty days after the court ruled upon the motion to reinstate and having failed to do so, it forfeited the right to appeal.

---

1. "Whenever any cause shall have been tried to the court and the judge shall have taken the same under advisement, the court shall not hold the same under advisement for more than ninety (90) days after submission. Provided that if the judge shall fail to determine any issue ... so submitted within the time above reserved, the submission of such issue may be withdrawn and the judge ... disqualified ...."

We are thus invited into "a morass and a mixture of overlap, insufficiency, inconsistency and incomprehensibility," [2] i.e., the interplay between Trial Rules 59 and 60. The precise question presented is whether or not a party may file a motion to correct errors following the court's denial of a motion to reinstate a case that has been dismissed pursuant to TR 41(E). A more general question is whether a party may file a motion to correct errors following the denial of a TR 60(B) motion, at least where the 60(B) motion was filed within sixty (60) days after entry of the judgment complained of.

In recent months two districts of this court have reached opposing results on the broader question. *Dawson v. St. Vincent Hospital & Health Care Center, Inc.* (4th Dist. 1981), Ind.App., 426 N.E.2d 1328 held that following denial of a TR 60(B) motion, a motion to correct errors under TR 59 was required and the failure of appellant to file one resulted in the waiver of the issues sought to be presented. Most recently, in *Mathis v. Morehouse* (2nd Dist. 1982), Ind. App., 433 N.E.2d 814 (Sullivan, J. dissenting) the court held that such a motion to correct errors was not permitted, did not extend the time for taking an appeal, and that by awaiting the court's ruling the appellant had forfeited his right to appeal.

The applied rule of law therefore is not only inconsistent but in each case resulted in the loss of opportunity for a review on the merits. We abjure these consequences from a comprehensive set of rules whose purpose is "to secure the just, speedy and inexpensive determination of every action." TR 1.

We believe that a brief review of the history and operation of the rules of civil procedure points clearly to a better path.

As originally proposed by the Civil Code Study Commission, Trial Rule 59, the mo-

tion to correct errors addressed to the trial court, was to be optional with the aggrieved party. Comment to TR 59(G), 4 Harvey & Townsend, Indiana Practice 118. The Supreme Court in adopting the rules, however, determined that in order to give the trial court the first opportunity to correct an error and, at the same time, to provide a "bill of particulars" for the prospective appeal, the motion provided by TR 59 should be mandatory.[3] TR 59(G) [Deleted by 1980 amendments.]

Early cases emphasized the necessity of utilizing a TR 59 motion as a precondition to appeal. *See, e.g., Indiana State Personnel Board v. Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448; and in *State v. DePrez* (1973), 260 Ind. 413, 296 N.E.2d 120, *reh. den.* 260 Ind. 413, 300 N.E.2d 341 the court held that where the trial court changed its original judgment in response to a motion to correct errors, a new motion to correct errors was necessary before an appeal could be taken. It was also determined that where relief was requested under TR 60(B) a motion to correct errors was necessary as a precondition to appeal.[4] *Northside Cab Co. v. Penman* (1972), 155 Ind.App. 23, 290 N.E.2d 782.

Trial Rule 41 concerning dismissals and Trial Rule 55 concerning defaults contained specific sections authorizing a party to petition to set aside an order granting an involuntary dismissal or a default judgment "for the grounds and in accordance with the provisions of Rule 60(B)." TR 41(F); TR 55(C). Both of these provisions were interpreted to mean that a motion to reinstate the action was *in fact* a TR 60(B) motion. In *Northside Cab Co., supra,* the court interpreted the rules to reach the merits of an appeal from the trial court's refusal to set aside a default judgment where the appellant had, in fact, filed a motion to correct errors as a prelude to appeal.

2. Sullivan, J. dissenting in *Mathis v. Morehouse* (1982), Ind.App., 433 N.E.2d 814.

3. Exceptions were expressed for interlocutory orders, orders concerning appointment of receivers and orders on proceedings supplementary to execution.

4. This was concluded not from an express requirement of TR 60 but from the language of TR 60(B) that the court's ruling on the motion "shall be deemed a final judgment, and an appeal may be taken therefrom *as in the case of a judgment.*" (Emphasis added).

Two years later in *Hooker v. Terre Haute Gas Corp.* (1974), 162 Ind.App. 43, 317 N.E.2d 878 the court applied this construction to TR 41(E). However, in *Hooker* the appellant had filed two motions to reinstate the appeal (the second one being filed more than three months after the denial of the first.) When the second motion was denied the appellant then filed a motion to correct errors addressed to that ruling and ultimately attempted to appeal the denial of that third motion. The court held he was too late but the principle upon which the case turned was that TR 60(B) is not intended to be either a substitute for timely appeal (i.e., use of a TR 59 motion following entry of judgment) or a means to relitigate a particular issue or ruling again and again. *See, e.g., Snider v. Gaddis* (1980), Ind.App., 413 N.E.2d 322; *Warner v. Young America Vol. Fire Dept.* (1975), 164 Ind.App. 140, 326 N.E.2d 831.[5]

In this context and in the aftermath of *DePrez* the court in *Yerkes v. Washington Mfg. Co., Inc.* (1975), 163 Ind.App. 692, 326 N.E.2d 629 faced the situation where an appellant having suffered a default judgment on a counterclaim filed only what was denominated a motion to correct errors and then attempted to appeal. The court concluded that the allegations relating to the default judgment had to be treated as a TR 60(B) motion, and that since a motion to correct errors was necessary before an appeal could be taken from a ruling on a TR 60(B) motion and appellant had filed none, the appeal was lost.

The court avoided that consequence in *In re Marriage of Robbins* (1976), 171 Ind.App. 509, 358 N.E.2d 153, but went only so far as to hold that where the motion was filed within sixty days after entry of judgment, we could treat it as a TR 59 motion pursuant to TR 59(A)(9) so as to eliminate the

requirement of a second motion even though the grounds alleged were those generally cognizable under TR 60(B). We, thus, departed from the implications of *Northside Cab* and *Hooker* that following denial of a petition to reinstate pursuant to TR 41(F) or TR 55(C) an aggrieved party was always required to file an additional motion challenging the denial of the petition to reinstate in order to be allowed to appeal.

With all due respect we disagree factually with the court's conclusion in *Dawson v. St. Vincent Hospital, etc., supra*, 426 N.E.2d at 1333 that a second motion is necessary to alert the trial court or this court of the error(s) intended to be raised on appeal. The granting or denial of a TR 60(B) motion is well established as a matter within the sound discretion of the trial court. That discretion is clearly imported into its ruling on motions to reinstate involuntary dismissals or to set aside default judgments. Ordinarily, the appeal of such a ruling presents only the question of whether the trial court committed an abuse of discretion.[6] The answer will be determined upon the basis of what was presented to the court, and there is little opportunity for surprise.

In addition, however, we do not agree that either *Snider v. Gaddis* (1980), Ind. App., 413 N.E.2d 322 which was concerned with making a timely appeal, or our decision in *Marriage of Robbins, supra*, compelled the court in *Mathis v. Morehouse* (1982), Ind.App., 433 N.E.2d 814 (Sullivan, J. dissenting) to its conclusion that a motion to correct errors was not permitted following the ruling denying a motion to set aside a default judgment.[7]

Neither of these recent decisions have taken note of the developments which have

---

5. It is important to maintain the distinction between that problem and the one we face here.

6. We recognize that in exceptional cases there may be questions concerning procedural compliance or such things as the reception of evidence that could, at least arguably, benefit from a subsequent motion to correct errors.

7. *Mathis* should not be likened to *Hooker, supra*, where there were succeeding motions to reinstate. The first motion in *Mathis* was premature and from the court's discussion was apparently disregarded. 433 N.E.2d at 816.

recently occurred concerning the proper utilization of TR 59 motions. We believe these changes point the path to a procedural interpretation more closely aligned with the purpose announced by TR 1, that the rules shall promote the just, speedy and inexpensive determination of litigation.

In *P–M Gas & Wash Co., Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592 our Supreme Court determined that *DePrez* should be overruled and the requirement of a second motion to correct errors as a condition of appeal should be discarded. In so holding the Court noted that far too many litigants had been denied their right of appeal as the result of the *DePrez* rule.

Subsequently, in *Breeze v. Breeze* (1981), Ind., 421 N.E.2d 647, the Court observed that our rules and case law should be responsive to the demand of the public and the bar for a better system of dispute resolution and that the paramount concern in *P–M Gas & Wash* to avoid unnecessary pleading traps should be applied to permit a party to file a second motion to correct errors after a change in the findings or judgment even though he might appeal without such a motion.

In the interim between *P–M Gas & Wash* and *Breeze* the Supreme Court also amended TR 59 and as a part of those amendments, deleted from the rule the original subsection (G) containing the directive that:

> "In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court."

We conclude that the policy of the rules as expressed in TR 1 and implemented in *P–M Gas & Wash* and *Breeze* should control. Since the purposes of affording the trial court the first opportunity to correct error and of providing the appellate court with adequate notice of the issues are adequately served by the TR 60(B) motion together with its supporting documents and matter adduced at the hearing thereon, an aggrieved party should be permitted to appeal the ruling on that motion without filing an additional motion to correct errors. Indeed considerations of speed and expense dictate this to be the preferred procedure.

On the other hand, until such time as our Supreme Court establishes by rule or decision that no motion to correct errors will be permitted to be addressed to the ruling on a TR 60 motion, we believe the interests of justice and fair play dictate that a party should not forfeit consideration of his appeal because his attorney understandably believed the filing of such a motion to correct errors was a necessary prerequisite to his ability to perfect an appeal. We therefore hold that although the plaintiff could have appealed directly from the court's decision denying reinstatement of the claim, it did not forfeit the right to appeal by filing a timely motion to correct errors following that ruling and then awaiting the ruling upon the motion to correct errors before filing the praecipe for an appeal. We emphasize that in so holding we do not intend to subvert the principle of *Snider* and other cases indicating that TR 60 is not intended as a substitute for a prompt appeal. Plaintiff here filed its TR 60(B) motion within sixty (60) days of the order of dismissal and then filed its motion to correct errors in order to appeal the denial of that motion.

Having concluded the appeal is properly before us, we now consider whether the trial court abused its discretion in refusing to set aside the dismissal. The plaintiff argues that the case had been fully tried on the merits and was being held under advisement by the trial court at the time of dismissal. It urges that therefore dismissal was clearly against the logic and effect of the circumstances and amounted to an abuse of discretion. We agree.

The case was fully tried to the court on March 13, 1978 and was taken under advisement. When no judgment had been en-

tered by December the plaintiff moved to withdraw the submission in accord with TR 53.2(A) and the Supreme Court appointed the special judge.

Neither TR 53.2 nor TR 53.1 establish the procedure to be followed by the new judge when appointed. Professor Harvey has pointed out, however:

> "When a new judge is appointed it was intended that he should take the case as he finds it, and if the first judge has failed to enter or make findings, for example, then the second judge would review the evidence and make the findings, or enter the judgment as the case may be. Certainly it is not necessary to hold a new trial or again present the evidence, or the like."

3 HARVEY, INDIANA PRACTICE § 53.1(b) at 481.

We believe that TR 63 concerning the disability or unavailability of judges is sufficiently broad to provide the procedure to be applied by the newly appointed special judge. TR 63(A) provides in pertinent part:

> "If the judge before whom the trial or hearing was held is not available by reason of . . . unwillingness to act, then any other judge . . . assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed; but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or a new hearing, in whole or in part . . . ."

■ Thus, when a replacement judge is appointed he should, if practical, complete the case without retrial. He is invested, however, with sound discretion in determining whether or how much of the case must be retried. *Baker v. American Metal Climax, Inc.* (1976), 168 Ind.App. 445, 344 N.E.2d 73.

■ While we agree that this does not relieve the parties of *their* obligation to move the case toward conclusion, we find that where, as here, the case has been fully tried and the replacement judge has taken no action on the record to indicate what further proceedings will be necessary, it is inappropriate and an abuse of discretion to dismiss the claim for want of prosecution.

Reversed and remanded.

HOFFMAN, P. J., concurs.

STATON, J., concurs in result and files separate opinion.

STATON, Judge, concurring in result.

I concur in the result reached by the majority. The majority characterizes the workings of Trial Rules 59 and 60 as "a morass and a mixture of overlap, insufficiency, inconsistency and incomprehensibility." Yet, the majority's reasoning needlessly complicates the procedural law when the wording of the Trial Rules is unmistakably clear. Because a dismissal for failure to prosecute is a dismissal with prejudice under Trial Rule 41(B), the judgment of dismissal can be set aside only as provided in Trial Rule 60(B). Ind.Rules of Procedure, Trial Rule 41(F). TR. 60(C) clearly and unmistakably provides that a ruling denying or granting relief under TR. 60(B) is a final judgment from which an appeal can be taken only after a TR. 59 motion is made. Since the ruling on the TR. 60(B) motion is deemed a final judgment, an appeal from the TR. 60(B) ruling is pursued the same as an appeal from any other final judgment. By following the express wording of the Trial Rules, the courts and the trial bar can avoid the very morass which the majority mistakenly creates.