**Daniel K. HOUSTON, Appellant
(Defendant below),**

v.

**Lewis T. WIREMAN, Appellee
(Plaintiff below).**

No. 2–382A80.

Court of Appeals of Indiana,
Second District.

Sept. 21, 1982.

Thomas W. Munger, Lafayette, for appellant.

SHIELDS, Judge.

Appellant Daniel K. Houston appeals the trial court's grant of appellee Lewis T. Wireman's motion to correct error and the ensuing order vacating the dismissal of Wireman's complaint.

The trial court *sua sponte* entered an order dismissing Wireman's complaint on May 19, 1981. Wireman filed a "Motion to Vacate" on June 8, 1981 which the trial court denied on July 23, 1981. Then, on August 10, 1981, Wireman filed a "Motion to Correct Errors" which the trial court subsequently granted and ordered Wireman's complaint reinstated. This appeal ensued.

We reverse.

■ In dismissing Wireman's complaint the trial court was apparently proceeding under Ind. Rules of Procedure, Trial Rule

41(E). This order was a final, appealable order under *Hooker v. Terre Haute Gas Corp.,* (1974) 162 Ind.App. 43, 48, 317 N.E.2d 878, 881. On June 8, 1981 Wireman attacked the dismissal by filing a denominated "Motion to Vacate" pursuant to "Rule 60." [1] The grounds asserted were trial court error in the trial judge's reassuming jurisdiction after having disqualified himself and in dismissing the cause *sua sponte* without issuing a rule to show cause and without a hearing. These grounds were obviously known to Wireman within the time frame for a timely motion to correct error under Ind. Rules of Procedure, Trial Rule 59(C).

■ We have previously held any error discovered or discoverable with due diligence within the period for filing a timely motion to correct error must be preserved

for appeal by the filing of such a motion as opposed to a T.R. 60(B) motion.[2] However, we treat a denominated T.R. 60(B) motion as a T.R. 59 motion if it substantively raises issues appropriate to a T.R. 59 motion in order to preserve the appellate process. *Mathis v. Morehouse,* (1982) Ind. App., 433 N.E.2d 814, 816. Accordingly, we find Wireman timely filed a T.R. 59 motion. The trial court overruled the motion on July 23, 1981.

Rather than filing a praecipe, Wireman elected to file a denominated "Motion to Correct Errors" on August 10, 1981. After argument, the trial court granted the motion on December 14, 1981 and ordered the complaint reinstated. Houston then timely perfected this appeal.

■ Even as we treat a denominated T.R. 60(B) motion filed within the time for

---

1. Ind. Rules of Procedure, Trial Rule 60(B).

2. On July 28, 1982 the Third District of this court handed down its decision in *Pre-finished Moulding & Door, Inc. v. Insurance Guidance Corp.,* (1982) Ind. App., 438 N.E.2d 16. In that case, the trial court dismissed the cause for lack of prosecution on August 12, 1980. On September 12, 1980 the plaintiff filed a T.R. 60(B) motion seeking reinstatement. The motion was denied on October 3, 1980, whereupon plaintiff, on December 2, 1980, filed a T.R. 59 motion addressed to the ruling on the T.R. 60(B) motion. The trial court treated the T.R. 60(B) motion as a T.R. 59 motion and therefore denied the December 2, 1980 motion as untimely. This court reversed. The majority concluded that, while a party may appeal directly from a denominated motion to reinstate filed within the limitations of T.R. 59(C) without further motion, the party does not forfeit the right to appeal by filing a timely T.R. 59 motion following the ruling on the motion to reinstate and then awaiting the ruling on the motion to correct error before filing the praecipe for appeal.

There is arguable merit to this position. However, contrary to the majority's conclusion, the Supreme Court has spoken. By rule it has stated a motion to correct error must be addressed to any error "claimed to have occurred prior to the filing of the motion." T.R. 59(D)(1). Furthermore, to the extent T.R. 60(B) provides grounds for relief not explicitly enumerated as grounds for relief in T.R. 59(A), it has explicitly incorporated the grounds by the provisions of T.R. 59(A)(9). Thus, the reasonable time envisioned by T.R. 60(B) excludes any error which is discovered or is discoverable by due diligence within the time limitations of T.R. 59(C). Hence, the provisions of T.R. 41(F)

and T.R. 55(C), which provide a dismissal with prejudice and a judgment by default "may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)," must be read in the context of the scheme presented by T.R. 59 and T.R. 60 so that relief may be appropriate under T.R. 60 only so far as the basis for relief was not discovered or was not discoverable with due diligence within the limitations for a timely T.R. 59 motion. *See Logal v. Cruse,* (1977) 267 Ind. 83, 86, 368 N.E.2d 235, 237, where our supreme court recognized the position of this court expressed in *Warner v. Young America Fire Dep't.,* (1975) 164 Ind.App. 140, 326 N.E.2d 831, that only grounds which could not have been included in a T.R. 59 motion can be advanced in a T.R. 60(B) motion, and 4 *Harvey and Townsend, Indiana Practice* 222 (1971), who, in discussing T.R. 60, state:

"The right to raise errors which could be raised by a motion to correct errors is limited to errors which could not have been discovered in time for a motion to correct errors, under Rule 59."

Requiring a T.R. 59 motion which is directly appealable indeed implements the purpose of T.R. 1 as opposed to allowing a party to substitute, at his option, a T.R. 60(B) motion followed by a T.R. 59 motion with its ensuing delays. Therefore, while we acknowledge the merit of *Pre-finished Moulding & Door, Inc.,* we decline to follow it and await direction from our supreme court as it resolves the conflict. *Cf. Mathis v. Morehouse,* (1982) Ind. App., 433 N.E.2d 814; *Snider v. Gaddis,* (1980) Ind. App., 413 N.E.2d 322.

a T.R. 59 motion to correct error, so, too, may we treat a T.R. 59 motion filed after sixty days of the final judgment as a T.R. 60 motion with an important exception. A T.R. 60 motion is not a substitute for a direct appeal and, consequently, may not be used to extend the time limitations for a direct appeal. *Town of St. John v. Home Builders Association of Northern Indiana, Inc.,* (1981) Ind. App., 428 N.E.2d 1299. Therefore, to the extent the motion seeks to attack the trial court's ruling on a T.R. 59 motion or raises issues that were discovered or discoverable for a timely T.R. 59 motion, the after-sixty-day motion, however denominated, cannot be substantively treated as a T.R. 60 motion.

■ The after-sixty-day motion filed by Wireman suffers from the deficiency of raising issues which were unquestionably discovered or discoverable. Therefore, we treat it not as a T.R. 60 motion but as a T.R. 59 motion as it was denominated. As such, it was not timely. The court's judgment of dismissal was entered May 19, 1981 while the motion to correct errors was filed August 10, 1981, eighty-three (83) days later.

Therefore, we are compelled to find the trial court committed reversible error in granting the August motion to correct error and the specific relief of ordering the cause reinstated.

The action of the trial court is reversed and this cause remanded with instructions to vacate the order granting the motion to correct error and reinstating the cause.

BUCHANAN, C.J., concurs.

SULLIVAN, J., dissents, with separate opinion.

SULLIVAN, Judge, dissenting.

I dissent.

The dismissal of plaintiff's lawsuit was clearly erroneous. T.R. 41(E) requires the trial court to conduct a hearing prior to entering a dismissal. At such hearing the plaintiff is entitled to demonstrate good cause for his failure to prosecute or otherwise comply with the Rules of Trial Procedure. No hearing was scheduled or conducted. Appellee properly preserved and presented the error by resort to Trial Rule 60. *See State ex rel. Janesville Auto Transport Co. v. Superior Court of Porter County* (1979) Ind., 387 N.E.2d 1330.

The procedural posture of this appeal in light of the result reached indicates that the permutations possible from the application or misapplication of Trial Rules 59 and 60 are virtually endless. It is another instance of the trap baited for the conscientious and careful practitioner who is not sufficiently clairvoyant to anticipate which particular appellate inconsistency will attach to his particular assertion of error. If all the words written by our appellate courts concerning Trial Rule 59 vis a vis Trial Rule 60 were placed end to end, they would stretch to nowhere.

In recent years our Supreme Court and the four geographical districts of this Court have rendered numerous decisions with respect to the interrelationship of the two rules, few of which may be harmonized or reconciled; neither have the individual judges and justices been consistent or in agreement. *See Breeze v. Breeze* (1981) Ind., 421 N.E.2d 647 (opinion by Hunter, J. in which DeBruler, Givan, Pivarnik & Prentice, JJ. concur); *P–M Gas & Wash Co., Inc. v. Smith* (1978) 268 Ind. 297, 375 N.E.2d 592 (opinion by Hunter, J. in which DeBruler & Prentice, JJ. concur and Givan, J. concurs in result with separate opinion in which Pivarnik, J. concurs); *State v. DePrez* (1973) 260 Ind. 413, 296 N.E.2d 120 (opinion by Arterburn, C.J. in which DeBruler, Givan, Hunter & Prentice, JJ. concur), *reh. denied,* 261 Ind. 55, 300 N.E.2d 341; *Indiana State Personnel Bd. v. Wilson* (1971) 256 Ind. 674, 271 N.E.2d 448 (Per Curiam, DeBruler, J. dissents without opinion); *Snider v. Gaddis* (1st Dist. 1980) Ind. App., 413 N.E.2d 322 (opinion by Ratliff, J. in which Neal, J. concurs and Robertson, J. dissents with separate opinion), *trans. denied; Irmiger v. Irmiger* (1st Dist. 1977) 173 Ind.App. 519, 364 N.E.2d 778 (opinion by Lowdermilk, J. in which Robertson, J. concurs and Garrard,

J. (participating by designation) concurs with separate opinion); *Baker v. American Metal Climax, Inc.* (1st Dist. 1976) 168 Ind. App. 445, 344 N.E.2d 73 (opinion by Lybrook, J. in which Robertson, J. & Hoffman, J. (participating by designation) concur), *trans. denied; Yerkes v. Washington Mfg. Co., Inc.* (1st Dist. 1975) 163 Ind.App. 692, 326 N.E.2d 629 (opinion by Lybrook, J. in which Robertson, J. & Hoffman, J. (participating by designation) concur); *Hooker v. Terre Haute Gas Corp.* (1st Dist. 1974) 162 Ind.App. 43, 317 N.E.2d 878 (opinion by Lowdermilk, J. in which Robertson & Lybrook, JJ. concur); *Mathis v. Morehouse* (2d Dist. 1982) Ind. App., 433 N.E.2d 814 (opinion by Shields, J. in which Buchanan, C.J. concurs and Sullivan, J. dissents with separate opinion), *trans. pending; Kelly v. Bank of Reynolds* (2d Dist. 1976) 171 Ind.App. 515, 358 N.E.2d 146 (opinion by Sullivan, J. in which White, J. & Robertson, J. (participating by designation) concur in result); *Covalt v. Covalt* (2d Dist. 1976) 171 Ind. App. 37, 354 N.E.2d 766 (opinion by Buchanan, P.J. in which Sullivan, J. concurs & White, J. dissents without opinion); *Pre-Finished Moulding & Door, Inc. v. Insurance Guidance Corp.,* (3d Dist. 1982) Ind. App., 438 N.E.2d 16 (opinion by Garrard, J. in which Hoffman, P.J. concurs & Staton, J. concurs in result with separate opinion); *In Re Marriage of Robbins* (3d Dist. 1976) 171 Ind.App. 509, 358 N.E.2d 153 (opinion by Staton, J. in which Garrard & Hoffman, JJ. concur with separate opinions); *Dawson v. St. Vincent Hospital & Health Care Center, Inc.* (4th Dist. 1981) Ind.App., 426 N.E.2d 1328 (opinion by Chipman, J. in which Miller & Young, JJ. concur); *Warner v. Young America Volunteer Fire Dept.* (1975) 164 Ind.App. 140, 326 N.E.2d 831 (Per Curiam); *Northside Cab Co. v. Penman* (1972) 155 Ind.App. 23, 290 N.E.2d 782 (Per Curiam).

Although *P–M Gas & Wash Co., Inc. v. Smith, supra,* did much to clarify one aspect of the procedural avenues available to a prospective party to an appeal, the practicing bar remains without guidance in many other areas. It is time now for our appellate tribunals to adopt or effect procedures which permit resolution of genuine legal issues on appeal. It must not be our function to make that resolution unduly complicated, expensive, burdensome and time consuming.