CONTINENTAL CASUALTY COMPANY,
Defendant-Appellant,

v.

Charles A. NOVY, M.D.,
Plaintiff-Appellee.

No. 3–779A185.

Court of Appeals of Indiana,
Third District.

Dec. 4, 1979.

Rehearing Denied Feb. 5, 1980.

Thomas S. Locke and James Federoff, Donald R. Clifford, Fort Wayne, for defendant-appellant.

William E. Borror, Hunt, Suedhoff, Borror, Eilbacher & Lee, Fort Wayne, for plaintiff-appellee.

OPINION ON MOTION TO DISMISS

GARRARD, Presiding Judge.

This case is before us upon the motion of appellee (Novy) to dismiss the appeal or, in

the alternative, summarily affirm the judgment of the trial court. The ground advanced is that appellant, Continental, failed to file a praecipe to initiate the appeal within the time prescribed by Indiana Rules of Procedure, Appellate Rule 2(A).[1] What is involved is whether a party is entitled to file a second motion to correct errors addressed to a change in the court's finding or judgment in view of our Supreme Court's decision in *P–M Gas & Wash Co., Inc. v. Smith* (1978), Ind., 375 N.E.2d 592.

The factual background discloses the following circumstances. On November 15, 1978, the trial court entered its special findings and judgment. Both Continental and Novy filed motions to correct errors.

After having argument and taking the case under advisement the trial court, on February 22, 1979,[2] overruled the motions but entered "Amended Special Findings of Fact and Conclusions of Law and Judgment." On March 6th Continental filed a new motion to correct errors addressed to the amended findings and judgment. Novy followed suit with his own motion on March 27th.

On April 2, 1979 the court denied both motions. Continental filed a praecipe on April 16th, and Novy filed the praecipe for its cross appeal on April 17th. Thus, the issue is clearly presented. If Continental was required to file its praecipe within thirty [30] days of the original ruling on the motions to correct errors (February 22, 1979) it failed to do so and pursuant to AP 2(A) its appeal should be dismissed. On the

other hand, if it was permissible for it to file and await ruling on the subsequent motions, the praecipe was timely.

In arriving at a decision we must determine whether our Supreme Court's decision in *P–M Gas & Wash* should be strictly applied so as to eliminate appeals on the merits wherever possible or whether it should be liberally interpreted to expedite appeals on the merits and eliminate procedural pitfalls.[3]

A brief review of the history of the problem persuades us that liberal interpretation provides the better answer.

When the Trial Rules were adopted by our Supreme Court, TR 59 mandated the filing of a motion to correct errors as the precedent to appeal from a final judgment.[4] The principal reason for the mandate was continued adherence to the idea that the trial court should be accorded the first opportunity to correct a mistake.[5]

Thus, in *State v. Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, 300 N.E.2d 341, the Court held that when the trial court modified or altered its judgment in response to a motion to correct errors, a new motion to correct errors was necessary as a condition to perfecting an appeal. Unfortunately, the effect of that ruling was to create a procedural battleground for taking appeals which resulted in a denial of appellate review in a number of cases.[6]

In *P–M Gas & Wash* a majority of the Court reconsidered its position and determined that the filing of a second or subse-

1. "An appeal is initiated by filing with the clerk of the trial court a praecipe . . . within thirty (30) days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited. . . . ."

2. *P–M Gas & Wash* was handed down April 27, 1978. There is no contention that appellant is entitled to relief under the exception for pending proceedings announced in the opinion. 375 N.E.2d at 598.

3. We do not dispute that the language employed in the majority in *P–M Gas & Wash* clearly permitted Continental to appeal following the ruling on the original motions and the entry of the amended judgment. 375 N.E.2d at 596, 597. The issue is whether *P–M Gas &*

*Wash precludes* it from addressing the amended findings and judgment with a new motion to correct errors.

4. The draft recommended by the Civil Code Study Commission had provided that such a motion be optional with the aggrieved party. Comments to Rule 59(g) 4 W. Harvey & R. Townsend, Indiana Practice 118.

5. *See, e. g., P–M Gas & Wash Co., Inc. v. Smith*, 375 N.E.2d at 594. The other purposes served by the motion do not require that it be presented to the trial court.

6. Many are cited at 375 N.E.2d 594.

quent motion to correct errors should not be required as a condition to appeal. If the intended consequence of that ruling was not only to *permit* immediate appeal but to require it, then AP 2(A) requires dismissal in the present case since the praecipe was not timely filed in relation to the first ruling.

First we observe that the language of TR 59 does not appear to preclude a party's opportunity to move for correction of error which it perceives as occurring in the court's actions amending, etc. its findings and judgment. TR 59(A) refers to the court's power upon motion to enter an order "for the correction of errors occurring prior to the filing [of the motion]."

Secondly, *P–M* reiterates that one purpose of the motion is "to present to the trial court an opportunity to correct error which occurs prior to the filing of the motion." 375 N.E.2d at 594. We think the court correctly determined that this purpose was adequately served for purposes *of proceeding to the appellate tribunal* once a motion to correct errors raising the issue had been filed and ruled upon. However, if the trial court, in changing its findings or judgment, makes an error which the *party* feels the court itself would correct if given the opportunity, there appears to be no sound reason for denying the opportunity to either the party or the trial judge. The problem arises only when a change has been made and the delay involved in filing and ruling upon a new motion is not so substantial as to cause great concern. If it would not be improper to permit such a motion, then AP 4(A) permits an appeal of the ruling thereon, and judicial conservation and efficiency require that we permit the parties to incorporate all the errors upon which they wish to rely in one appeal.[7]

Finally, the total context of the majority opinion in *P–M Gas & Wash* discloses the concern for discharging the functions of TR 59 without erecting roadblocks to the consideration of meritorious appeals.[8] That concern is most fully realized by affording the parties litigant discretion to appeal immediately or file a new motion to correct errors in those cases where the court has altered, amended or supplemented its findings and/or judgment after the filing of one motion to correct errors.

The motion to dismiss or affirm is denied.

HOFFMAN and STATON, JJ., concur.

---

7. Additionally, in attempting to prosecute separate appeals, a jurisdictional question might arise. *See Logal v. Cruse* (1977), Ind., 368 N.E.2d 235, *cert. denied* 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539.

8. "Far too many litigants have been denied their right of appeal by withholding from them a review and decision at the appellate level of all or part of their justiciable issues properly preserved under TR 59." 375 N.E.2d at 597.