George Robert BREEZE, Trustee of Paul E. Breeze Living Trust, Jennifer Lynn Holder, Bruce Breeze, Carolyn Breeze, Paul Edward Breeze and John Carey Breeze, Appellants (Defendants below),

v.

Imogene BREEZE (Lofton), Appellee (Plaintiff below).

CONTINENTAL CASUALTY COMPANY, Appellant (Defendant below),

v.

Charles A. NOVY, M.D., Appellee (Plaintiff below).

No. 681S163.

Supreme Court of Indiana.

June 18, 1981.

David O. Givens, Allyn & Givens, Mount Vernon, William E. Borror, Hunt, Suedhoff, Borror, Eilbacher & Lee, Fort Wayne, for appellants.

Ronald Warrum, Bates, Warrum & Noffsinger, Evansville, S. Anthony Long, Phillips & Long, Boonville, Thomas S. Locke, James A. Federoff, Raver & Federoff, Fort Wayne, for appellees.

Hunter, Justice.

This cause is before us upon the petition to transfer of defendants-appellants, George Robert Breeze, trustee of Paul E. Breeze living trust, et al., and plaintiff-appellee, Charles A. Novy. In each case, the Court of Appeals ruled upon a particular application of Ind.R.Tr.P. 59. The Court of Appeals, First District, ordered a dismissal in the case of defendants-appellants, Breeze, *et al.*, but the Court of Appeals, Third District denied a petition for dismissal in the case of plaintiff-appellee, Novy. *Continental Casualty Co. v. Novy*, (1979) Ind.App., 397 N.E.2d 294.

We now grant transfer under Ind.R.Ap.P. 11(B)(2)(c), in that there is a conflict between the actions of the two courts. We are in accord with the Court of Appeals, Third District, in its holding that Ind.R. Tr.P. 59 and our case of *P–M Gas & Wash Co., Inc. v. Smith*, (1978) 268 Ind. 297, 375 N.E.2d 592, *do not preclude* the filing of a second motion to correct error addressed to a change in the trial court's finding or judgment. Accordingly, the order of the Court of Appeals, First District, granting plaintiff-appellee's motion to dismiss in the *Breeze* case is hereby vacated.

We also wish to give more detailed consideration to the procedural issues raised by these two cases. Accordingly, the decision and opinion of the Court of Appeals, Third District, are hereby vacated and both petitions to transfer are granted. Both cases involve the filing of second motions to correct error after the trial courts had considered the original motions and entered changed findings and judgments.

In the first case, appellee Imogene Breeze brought an action following her husband's death against the trustee of a trust and its beneficiaries. A judgment entry was made on September 7, 1978, awarding certain real estate, which was the subject of the action, to the estate of Paul E. Breeze, deceased. The estate was not one of the parties to the action. Defendants-appellants filed a motion to correct error on November 2, 1978. The relevant chronology follows:

11/2/78—Defendants-appellants' motion to correct error filed.

1/12/79—Motion to correct error sustained in part and overruled in part.

1/12/79—Judgment entry (amended).

1/22/79—Defendants-appellants' motion for clarification of (amended) judgment entry, pursuant to TR. 60.

1/29/79—Amended judgment entry (pursuant to TR. 60 motion).

2/16/79—Defendants-appellants file motion to correct error directed to amended judgment entry for 1/29/79.

2/26/79—Second motion to correct error overruled.

3/16/79—Praecipe filed.

5/25/79—Record of proceedings filed with Court of Appeals.

The final amended judgment entry awarded the property to Imogene Breeze in her individual capacity. After defendants-appellants had perfected their appeal from the January 29 amended judgment entry, appellee Breeze filed a motion to dismiss the appeal on the theory that defendants-appellants had not timely perfected their appeal from the January 12 ruling on their first motion to correct error. The motion to dismiss was granted by written order of the Court of Appeals, First District.

The relevant facts in the second case in the Third District were succinctly stated by Judge Garrard in *Continental Casualty Co. v. Novy, supra*:

"On November 15, 1978, the trial court entered its special findings and judgment. Both Continental and Novy filed motions to correct errors.

"After having argument and taking the case under advisement the trial court, on February 22, 1979, overruled the motions but entered 'Amended Special Findings of Fact and Conclusions of Law and Judgment.' On March 6th Continental filed a new motion to correct errors addressed to the amended findings and judgment. Novy followed suit with his own motion on March 27th.

"On April 2, 1979 the court denied both motions. Continental filed a praecipe on April 16th and Novy filed the praecipe

for its cross appeal on April 17th. Thus, the issue is clearly presented. If Continental was required to file its praecipe within thirty [30] days of the original ruling on the motions to correct errors (February 22, 1979) it failed to do so and pursuant to AP 2(A) its appeal should be dismissed. On the other hand, if it was permissible for it to file and await ruling on the subsequent motions, the praecipe was timely." 397 N.E.2d at 294 [footnotes omitted].

The issue which is before us then involves the application of TR. 59 in those situations where the trial court has altered, amended, or supplemented its findings and/or judgment after the filing of one motion to correct error. The question is whether a party is permitted to file a second motion to correct error addressed to a change in the court's finding or judgment.

■ A review of our position in *P–M Gas & Wash Co., Inc. v. Smith, supra,* leads us to the conclusion that there is a certain flexibility inherent in TR. 59 which results in a liberal but efficient system of raising errors on appeal. This flexibility does permit the filing of a second motion to correct error. First, it is absolutely clear that one motion to correct error is all that is *required* as a condition to appeal:

> "*One motion for each party or each appellant, if there is more than one, shall be sufficient.* That will give the trial court its opportunity to remedy error, and it will serve the other purposes, too. Once it is made and acted upon, whatever action the trial court takes, then the items specified in that motion, and the trial court's disposition constitute the basis for the appellant's appeal." *P–M Gas & Wash Co., Inc. v. Smith, supra,* 268 Ind. at 303, 375 N.E.2d at 595.

The spirit behind this requirement of a motion to correct error is the sound principle that the trial court should be accorded the first opportunity to correct a mistake. This principle underlies TR. 59 as it existed at the time of *P–M Gas & Wash Co., Inc. v. Smith, supra,* and as it has been amended as of January 1, 1980, and exists today.

Second, we find that in a broader context, our rules and their amendments and our case law are responsive to the demand of the public and the bar for a better system of dispute resolution at all levels. See Harvey 4 *Indiana Practice* § 59.3 (1980 Supp.). As we said:

> "Far too many litigants have been denied their right of appeal by withholding from them a review and decision at the appellate level of all or part of their justiciable issues properly preserved under TR. 59." *P–M Gas & Wash Co., Inc. v. Smith, supra,* 268 Ind. at 308, 375 N.E.2d at 597.

These considerations lead us to agree with Judge Garrard's well-reasoned conclusion that there are three reasons for finding that a second motion to correct error is permitted. As he stated in *Continental Casualty Co. v. Novy, supra* :

> "First we observe that the language of TR 59 does not appear to preclude a party's opportunity to move for correction of error which it perceives as occurring in the court's actions amending, etc. its findings and judgment. TR 59(A) refers to the court's power upon motion to enter an order 'for the correction of errors occurring prior to the filing [of the motion].'

> "Secondly, *P–M* reiterates that one purpose of the motion is 'to present to the trial court an opportunity to correct error which occurs prior to the filing of the the motion.' 375 N.E.2d at 594. We think the court correctly determined that this purpose was adequately served for purposes *of proceeding to the appellate tribunal* once a motion to correct errors raising the issue had been filed and ruled upon. However, if the trial court, in changing its findings or judgment, makes an error which the *party* feels the court itself would correct if given the opportunity, there appears to be no sound reason for denying the opportunity to either the party or the trial judge. The problem arises only when a change has been made and the delay involved in filing and ruling upon a new motion is not so substantial as to cause great concern. If it

would not be improper to permit such a motion, then AP 4(A) permits an appeal of the ruling thereon, and judicial conservation and efficiency require that we permit the parties to incorporate all the errors upon which they wish to rely in one appeal.

"Finally, the total context of the majority opinion in *P–M Gas & Wash* discloses the concern for discharging the functions of TR 59 without erecting roadblocks to the consideration of meritorious appeals. That concern is most fully realized by affording the parties litigant discretion to appeal immediately or file a new motion to correct errors in those cases where the court has altered, amended or supplemented its findings and/or judgment after the filing of one motion to correct errors." 397 N.E.2d at 296 [footnotes omitted].

Thus, we hold that after one motion to correct error has been filed and the trial court has subsequently altered, amended, or supplemented its findings and/or judgment, the parties have the discretion to appeal immediately or to file a new motion to correct error directed to the changed findings and/or judgment.[1] This liberal interpretation provides the needed flexibility in our trial rule and gives an equitable opportunity for appeal to all parties. This holding is consistent with our present TR. 59.

Our holding here does result in one apparent inconsistency between our appellate and trial rules. When one motion to correct error has been filed and then ruled upon by the trial court and this ruling involves a change in the findings and/or judgment, two different rules may be invoked. Ind.R. Ap.P. 2 provides that a praecipe shall be filed within thirty days after the court's ruling on the motion to correct error. But at the same time, in light of our instant holding, Ind.R.Tr.P. 59 provides that a second motion to correct error is allowed to be filed within sixty days of the trial court's ruling.

Under these circumstances, we hold that TR. 59 takes precedence and that the trial court continues to have jurisdiction of the case for sixty days after a ruling on a motion to correct error when the ruling results in changed findings or judgment. If a second motion to correct error is filed within this sixty-day period, the trial court must make a ruling on this second motion to correct error. All time periods for the purpose of the appellate rules will then start from the time of the trial court's ruling on the second motion to correct error. If a praecipe was filed after the ruling on the first motion to correct error, no second praecipe is required. However, a praecipe is timely if filed within thirty days of the ruling on the second motion to correct error. A praecipe which was filed earlier will count as if filed from the date of the ruling on the second motion to correct error. The party then has ninety days from the ruling on the second motion to correct error to file the record of the proceedings. This interpretation and holding will provide courts, attorneys and the public with flexible but equitable rules of appellate procedure.

In the instant cases, the parties have timely perfected their appeals from the rulings on the second motions to correct error and neither appeal can be dismissed. The petitions to transfer are both granted. Both cases are remanded to their respective districts for decisions on the merits of their cases.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

---

1. In these cases, it is clear that counsel acted in complete good faith and in the great traditions of the Indiana bar. However, the discretion which this decision gives to attorneys is susceptible of abuse. If there is any indication in the record that a second motion to correct error was filed only for the purpose of delay or for any other reason without good cause, it should be dealt with by the trial court or the appellate courts according to Ind.R.Tr.P. 11(A).