Terrence JACKSON, Appellant
(Defendant Below),

v.

S.C. PEMPLETON, Appellee
(Plaintiff Below).

No. 64A03–9004–CV–156.

Court of Appeals of Indiana,
Third District.

Sept. 17, 1990.

Joseph S. Reid, Lynn Hammond, Hand, Muenich, Wilk & Reid, Highland, for appellant.

Robert P. Kennedy, Spangler, Jennings & Dougherty, P.C., Jeffrey Oliveira, Merrillville, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Terrence Jackson appeals the trial court's granting of plaintiff-appellee's motion to reconsider.

The facts relevant to this appeal disclose that on March 21, 1989 the jury found for plaintiff S.C. Pempleton in the amount of $2,806.00 for damages sustained from an automobile accident. Plaintiff then filed a motion to correct error and in the alternative a motion for additur on April 19, 1989. A hearing was held on the motion on May 30, 1989 and the motion was denied. Plaintiff filed his praecipe for record of proceedings on June 29, 1989. On January 26, 1990, plaintiff filed a motion to reconsider the motion to correct errors alleging the errors. An emergency hearing was held on January 26, 1990 and the court granted plaintiff's motion to reconsider.

■ Appellant raises one issue for review: whether the trial court had the inherent power to reconsider its previous denial of the motion to correct errors.

■ The trial court was not permitted to rule on plaintiff's motion to reconsider. The trial rule governing motions to reconsider is Ind.Trial Rule 53.4. This rule does not allow motions to reconsider where the trial or other proceedings would be delayed and does not extend the time for any further required or permitted action, motion, or proceedings. It has also been stated in the Civil Code Study Commission Comments, 4 W. Harvey & R. Townsend, INDIANA PRACTICE § 59(g), at 118 (1971) that "[o]nce a ruling is made upon a motion to correct error it may not be reconsidered by the trial court." This Court concludes that plaintiff was not permitted to have his motion to correct error reconsidered by the trial court. However if the trial court had altered, amended, or supplemented its findings and/or judgment in its ruling on the first motion to correct error, the parties would have had the discretion to file another motion to correct error directed to the changed findings and/or judgment.

*Breeze v. Breeze* (1981), Ind., 421 N.E.2d 647, 650. Since that was not the case presented here, the trial court erroneously considered the motion to correct error again.

Reversed and remanded.

MILLER, P.J., concurs.

GARRARD, J., concurs in result with opinion.

GARRARD, Judge, concurring in result.

I concur in the result reached since the court's action did not occur within ninety days of the entry of judgment, *see* IC 33-1-6-3, and the motion to reconsider cannot be construed as a Trial Rule 60 motion.