**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**





FILED

May 30 2013, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**LAURIE BAIDEN BUMB**
Bumb & Vowels, LLP
Evansville, Indiana

**THOMAS A. MASSEY**
Massey Law Offices
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**KEITH W. VONDERAHE**
**JEAN M. BLANTON**
Ziemer, Stayman, Weitzel & Shoulders, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MARRIAGE OF KENNETH G. HAYNIE, JR., )<br><br>Appellant-Petitioner, )<br><br>vs. )<br><br>TERESA H. HAYNIE, )<br><br>Appellee-Respondent. ) | No. 82A01-1206-DR-265 |

IN RE THE MARRIAGE OF )
KENNETH G. HAYNIE, JR., )
)
   Appellant-Petitioner, )
)
     vs. )  No. 82A01-1206-DR-265
)
TERESA H. HAYNIE, )
)
   Appellee-Respondent. )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Wayne S. Trockman, Judge
Cause No. 82D04-1103-DR-243

**May 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Kenneth G. Haynie, Jr. ("Husband") and Teresa H. Haynie ("Wife") were divorced and their marital estate distributed. Husband challenged the division of marital assets in a motion to correct error. The dissolution court modified its prior order for the distribution of assets, and the former spouses filed cross-motions to correct error. Both motions were denied. Husband now appeals.[1] We affirm in part, reverse in part, and remand with instructions.

**Issues**

Husband presents the following consolidated and restated issues:

I. Whether the dissolution court contravened statutory authority by systematically excluding Wife's inherited assets from the marital estate; and

II. Whether the dissolution court abused its discretion in the division of marital assets.

**Facts and Procedural History**

The parties were married on February 6, 1988. On March 15, 2011, Husband filed a petition for dissolution. During the course of the twenty-three year marriage, Wife was

---

[1] According to Wife, Husband has forfeited his right to appeal because he did not appeal within thirty days of the order on the first motion to correct error. However, it is readily apparent that the order on motion to correct error substantially changed the division of assets. Furthermore, the dissolution court failed to address Husband's contention that a significant portion of the assets allocated to him had not been transferred to him from Wife. Each party then sought to correct error or obtain clarification. They agreed to treat Husband's motion for clarification as a new motion to correct error. After a motion to correct error has been filed and the trial court has then altered, modified, or supplemented its findings or judgment, the parties have the discretion to appeal immediately or to file a new motion to correct error directed to the altered findings or judgment. Breeze v. Breeze, 421 N.E.2d 647, 650 (Ind. 1981). Time periods for the purpose of the appellate rules then start from the time of the trial court's ruling on the second motion to correct error. Id. Husband permissibly awaited the outcome of his second motion to correct error, which challenged the order modifying the division of assets. Accordingly, we reject Wife's request that we dismiss Husband's appeal.

continuously employed by Easter Seals Rehabilitation Center. She is currently a vice-president of that organization. Husband was first employed as a securities broker; he then practiced law for eighteen years. He was unemployed at the time of the dissolution hearing. Wife requested a division of marital assets in her favor, arguing that she had made greater contributions to the acquisition of assets.

At the final hearing, the parties stipulated to values to be assigned to their assets. In 2010, Husband had received a $200,000 settlement arising from the wrongful death of his daughter. The funds were placed in Raymond James Account **2373. A portion was used for medical expenses; as of March 2011, $123,743.00 remained in the account. At some time during the marriage, Husband was made a beneficiary of an irrevocable life insurance trust. The cash value was $85,000.00. He also held some contingent interests in property. Wife had inherited a partial interest in real estate (valued at $100,000.00) and an investment account which was worth $107,211.00 at the time of the dissolution.

Wife was in possession of the marital residence, which had no mortgage and was valued at $205,000.00. After the date of separation, Husband had acquired a residence, using marital funds from the Raymond James Account **2373 and a Raymond James IRA Trust. The residence had no mortgage and was valued at $78,500.00. The parties also had several retirement and investment accounts.

On November 14, 2011, the dissolution court entered its findings of fact, conclusions of law, and order. The order setoff to Wife the value of inherited real estate, provided that each party was to retain the personal property and vehicle in his or her possession, and

allocated the real property as well as retirement, irrevocable trust, and investment funds. It was determined that Husband's interest in a revocable trust and his contingent interest in a residuary trust for the care of his mother were not divisible assets. The dissolution court declined to setoff to Wife retirement accounts initially funded prior to the marriage. The court's stated intent was that a near-equal division of the marital estate, after setoff of inherited property, be effected. Wife was awarded possession of the marital residence and was ordered to pay Husband $105,000.00 for his share of the equity.

On December 8, 2011, Husband filed a motion to correct error. A hearing was conducted on January 25, 2012. Thereafter, the dissolution court issued an order correcting mathematical error and ordering Husband's counsel to prepare a Qualified Domestic Relations Order for the payment of $57,371.00 to Husband. The dissolution court reiterated its intention to setoff to Wife her inherited interest in real estate and further clarified:

> The Court's intention was not to divide the Raymond James Account #9198, representing funds inherited by the Former Wife. Any request by the Former Husband to distribute the funds in this Account different from the Decree is denied.

(App. 24.)

On March 1, 2012, Husband filed a request for clarification which was, by stipulation of the parties, treated as a new motion to correct error. Wife filed a cross-motion to correct error. On May 11, 2012, the dissolution court denied the respective motions. This appeal ensued.

4

**Discussion and Decision**

<u>I. Alleged Exclusion of Inherited Assets</u>

<u>Standard of Review</u>

We review the grant or denial of a motion to correct error for an abuse of discretion. <u>Williamson v. Williamson</u>, 825 N.E.2d 33, 44 (Ind. Ct. App. 2005). Husband's motion to correct error challenged findings of fact and conclusions of law entered by the dissolution court, at Husband's request, pursuant to Indiana Trial Rule 52. Accordingly, we must determine whether the evidence supports the findings and second, whether the findings support the judgment. <u>K.I. ex rel. J.I. v. J.H.</u>, 903 N.E.2d 453, 457 (Ind. 2009). We will not set aside the findings or judgment unless clearly erroneous, and due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. <u>Id.</u> (citing Ind. Trial Rule 52(A)). A judgment is clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment. <u>Id.</u> A judgment is also clearly erroneous when the trial court has applied the wrong legal standard to properly found facts. <u>Id.</u>

<u>Analysis</u>

The division of marital property involves a two-step process. <u>Thompson v. Thompson</u>, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004), <u>trans. denied</u>. First the trial court must determine what property is to be included in the marital estate, or marital pot. <u>Id.</u> Second, the trial court must divide the marital property under the presumption that an equal split is just and reasonable. <u>Id.</u> (citing Ind. Code § 31-15-7-5). Husband contends that the

5

dissolution court expressed an intention to divide the entirety of the parties' property in a substantially equal manner but nevertheless systematically excised assets that Wife had inherited.

The distribution of marital property is committed to the sound discretion of the trial court. Breeden v. Breeden, 678 N.E.2d 423, 427 (Ind. Ct. App. 1997). A party who challenges the trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute. In re Marriage of Bartley, 712 N.E.2d 537, 542 (Ind. Ct. App. 1999). Even if the facts and reasonable inferences might allow a conclusion different from that reached by the trial court, we will not substitute our judgment for that of the trial court unless its decision is clearly against the logic and effect of the facts and circumstances before it. Perkins v. Harding, 836 N.E.2d 295, 299 (Ind. Ct. App. 2005).

In determining the value of the marital estate, the dissolution court is required to include property owned by either spouse before the marriage, acquired by either spouse in his or her own right after the marriage and before final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4. This "one pot" theory prohibits the exclusion of any asset in which a party has a vested interest from the scope of the trial court's power to divide and award. Hann v. Hann, 655 N.E.2d 566, 569 (Ind. Ct. App. 1995), trans. denied. Accordingly, the systematic exclusion of any marital asset from the marital pot is erroneous, including those attributable to a gift or an inheritance from one spouse's parents. Wallace v. Wallace, 714 N.E.2d 774, 780 (Ind. Ct. App. 1999), trans. denied. However, although the

6

trial court must include all assets in the marital pot, it may ultimately decide to award an asset solely to one spouse as part of its just and reasonable property division. Ind. Code § 31-15-7-5(2)(B) (providing that the trial court may consider as evidence to rebut the presumptive equal distribution "the extent to which the property was acquired by each spouse through inheritance or gift"). Even where the trial court properly sets aside the value of premarital assets to one spouse, the appreciation over the course of the marriage is a divisible marital asset. Wanner v. Hutchcroft, 888 N.E.2d 260, 262 (Ind. Ct. App. 2008).

Here, the dissolution court included the inherited assets in the marital pot and considered that property potentially subject to division, but decided to award the full value of those assets to Wife. We have previously affirmed a property division which included the setting aside of an inherited asset when the dissolution court clearly delineated reasoning beyond simply reiterating the fact that it was an inheritance. See Maxwell v. Maxwell, 850 N.E.2d 969, 973 (Ind. Ct. App. 2006). Here, the trial court's reasons, expressed in the property division order and the order on motion to correct error, were that the real estate had been in Wife's family for many years, Wife had inherited only a partial interest, Wife had brought more assets into the marriage, and Husband also had property interests set aside to him. The court did not systematically excise a marital asset from the marital estate. Rather, after due consideration, with evidentiary support, the trial court setoff to Wife the value of assets acquired by inheritance. As such, the trial court did not disregard relevant statutory authority to effect a property division in this marital dissolution action.

7

## II. Division of Marital Pot after Setoff

Husband claims that he received a lesser share because of duplication in the allocation of assets to him. According to Husband, the dissolution court credited him with retaining the residence valued at $78,500.00 as well as a portion of the funds used to acquire the residence.[2] He further contends that the decree failed to include an order that Wife transfer to him his share of the Raymond James Account **2373.

The dissolution decree ordered the following division of assets (excluding vehicles with substantially equal value):

| Husband | | Wife | |
|---|---|---|---|
| Irrevocable Life Ins. Trust | 85,000.00 | Raymond James **9188 | 107,211.00 |
| Wrongful Death Settlement | 123,743.00 | Raymond James **5864 | 64,936.00 |
| ½ Marital Residence | 105,000.00 | ½ Raymond James **6156 | 3,957.00 |
| Raymond James IRA **6043 | 112,532.00 | ½ Marital Residence | 105,000.00 |
| Jewelry | 36,000.00 | Raymond James **9179 | 35,147.00 |
| ½ Tax Refund | 4,839.50 | Easter Seals Retirement | 271,000.00 |
| ½ Raymond James **2373 | 8,020.00 | Jewelry | 29,025.00 |
| ½ Raymond James **5156 | 3,957.00 | ½ Tax Refund | 4,839.50 |
| Husband's Residence | 78,500.00 | ½ Raymond James **2373 | 8,020.00 |
| Guns and Personal Property | 6,380.00 | Personal Property | 32,581.00 |
| | $563,971.50 | | $661,716.50 |

On motion to correct error, Husband contended that his assets had been over-valued by $32,242.00 when the dissolution court included both the full purchase price of his residence and the date-of-separation value of the Raymond James Account **2373. In addition to using gift funds of $46,258.00 for the residential purchase, Husband had used

---

[2] Generally, property acquired by one spouse after the date of final separation is not property includable in the marital pot. Thompson, 811 N.E.2d at 912. The final separation of the parties is "the date of filing of the petition for dissolution of marriage." Ind. Code § 31-9-2-46. Here, however, it is undisputed that Husband used marital pot funds (gift from mother and funds from wrongful death account) to acquire the residence.

$32,242.00 from Account **2373. He also pointed out that there had been a $4,000.00 mathematical error in his favor because jewelry awarded to Wife had been over-valued by that amount. Husband sought a Qualified Domestic Relations Order in the amount of $113,083.50 to effect an equal division of assets (including those that had been set off to Wife in which he believed he was entitled to share). Finally, he sought an order that Wife be required to transfer $87,000.00 cash from the Raymond James Account **2373 and $3,923.00 from the Raymond James Account **6156 to effect the actual distribution of those accounts as contemplated in the dissolution decree.

The dissolution court responded by clarifying its intent to setoff inherited assets to Wife, "correct[ing] mathematical errors regarding the jewelry and the Raymond James Freedom Account #2373" and ordering that $57,371.00 be transferred from Raymond James Account **9188 (Wife's 401(k)) to Husband, by means of a Qualified Domestic Relations Order. (App. 24.)

Husband filed a request for clarification, contending that the dissolution court had failed to address the request for an immediate transfer of the $87,000.00 remaining from the wrongful death settlement (allegedly in Wife's control although awarded to Husband). Wife also filed a motion to correct error, contending that a "near equal" distribution consistent with the dissolution decree had been effected without the $57,371.00 order for payment.[3]

After the order on motion to correct error, the division of assets is as follows:

---

[3] Wife's balance sheet assigned a value of $10,200 to Husband's gun collection (assigned a zero value by the dissolution court, as Husband had donated the guns to a museum and Wife was to utilize the charitable tax deduction).

9

| Husband | | Wife | |
|---|---|---|---|
| Irrevocable Life Ins. Trust | 85,000.00 | Raymond James **5864 | 64,936.00 |
| Wrongful Death Settlement | 123,743.00 | ½ Raymond James **6156 | 3,957.00 |
| ½ Marital Residence | 105,000.00 | ½ Marital Residence | 105,000.00 |
| Raymond James IRA **6043 | 112,532.00 | Raymond James **9179 | 35,147.00 |
| Jewelry | 36,000.00 | Easter Seals Retirement | 271,000.00 |
| ½ Tax Refund | 4,839.50 | Jewelry | 25,025.00 |
| ½ Raymond James **2373 | 8,020.00 | ½ Tax Refund | 4,839.50 |
| ½ Raymond James **5156 | 3,957.00 | ½ Raymond James #2373 | 8,020.00 |
| Cash used for residence purchase | 46,258.00 | Personal Property | 32,581.00 |
| (gift from mother) | | | |
| Guns and personal property | 6,380.00 | | _____ |
| | $531,729.50 | | $550,505.50 |

Accordingly, Wife was awarded $18,776 more in assets, after setoff, than Husband. With the marital estate having a value of over one million dollars, this is arguably within the dissolution court's objective of a near-equal distribution after setoff of inherited assets.

However, the dissolution court also ordered Husband's counsel to prepare a Qualified Domestic Relations Order in the amount of $57,371.00, presumably to correct mathematical error in the dissolution decree. This sum appears to correspond to an equalization payment amount reflected on "Exhibit B" (apparently produced by Husband on motion to correct error). (App. 56.) However, "Exhibit B" contemplated that Husband's life insurance trust (valued at $85,000.00) would be setoff to him and Wife's inherited property setoff to her, with a total of $1,008,885.00 in remaining assets equally divided. This was not, in fact, the division of assets made by the dissolution court.

Moreover, the order on motion to correct error does not address Husband's contention that a substantial portion of the assets allocated to him ($87,000 from Raymond James Account **2373 and $3,923.00 from Raymond James Account **6156) have not been

transferred to him. Husband testified that Wife has $87,000.00 of the wrongful death account funds in her possession. Wife does not deny this, but claims that Husband suggested she use the money to pay him for his part of the equity in the marital residence. She directs our attention to Husband's testimony:

> Counsel:   In fact, if [Wife] wanted to she could use that Eighty-Seven Thousand Dollars that came from your daughter's wrongful death settlement to help fund the Hundred, Five Thousand Dollar [sic], one half equity payout?
>
> Husband:  Yes, I suppose she could or take out a mortgage.
>
> Counsel:  But, if she transferred that money essentially back to you, then the equalization payment would be somewhat less than Twenty Thousand Dollars cash?
>
> Husband:  I'm – I'm not sure I follow.
>
> Counsel: Well, look down in the bank account column. The Raymond James, the Hundred, Twenty-Three Thousand that was divided from your daughter's wrongful death settlement?
>
> Husband: No.  I think it would be a Hundred and Twenty-Two Thousand.
>
> Counsel: No.  Eighty-seven is currently sitting in [Wife's] account and you have -
>
> Husband:  Right.
>
> Counsel: Thirty-Six in yours?
>
> Husband:  Right.
>
> Counsel:  Which you've already spent to get your house?

(Tr. 103.)   This exchange took place after counsel had first proposed a $222,776.00 equalization payment to Husband from Wife's retirement funds.  It is in this context that Husband concedes that Wife might use available cash from an account in her control to pay

11

him for residential equity. He did not at any time propose to relinquish his claim on the wrongful death funds or suggest that Wife could retain them without accounting for such.

The order on motion to correct error does not reflect the dissolution court's intention to divide the marital pot in a substantially equal manner after setoff. It does not provide for the transfer of liquid assets allocated to Husband but within Wife's control. We therefore remand for an equal or substantially equal division of the marital assets after setoff and such orders as are necessary to effect transfer of assets in accordance with the property distribution.

**Conclusion**

The dissolution court did not err as a matter of law in setting aside to Wife assets that she had inherited for reasons delineated and supported by the evidence. However, the dissolution decree and order on motion to correct error do not correspond with a substantially equal division of the remaining assets. Moreover, Husband is entitled to an order for the transfer of assets actually allocated to him by the dissolution court in its division of marital assets.

Affirmed in part, reversed in part, and remanded with instructions.

NAJAM, J., and BARNES, J., concur.