# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 09 2017, 5:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James W. Ensley
Greencastle, Indiana

ATTORNEY FOR APPELLEE

Melinda K. Jackman-Hanlin
Greencastle, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elizabeth (Newman) Lewis, *Appellant-Petitioner,* <br><br> v. <br><br> David Newman, *Appellee-Respondent.* | March 9, 2017 <br><br> Court of Appeals Case No. 67A05-1609-DR-1981 <br><br> Appeal from the Putnam Superior Court <br><br> The Honorable Charles D. Bridges, Judge <br><br> Trial Court Cause No. 67D01-0801-DR-20 |

**Robb, Judge.**

# Case Summary and Issue

In 2008, David and Elizabeth Newman divorced and the trial court incorporated the parties' property settlement agreement into its dissolution decree. As a part of the agreement, David agreed to pay Elizabeth $1,000 per month in spousal maintenance unless Elizabeth remarried, in which case the spousal maintenance would be terminated. David also agreed to pay Elizabeth 25% of the net profits of his book royalties ("Royalty"). In 2016, David moved to terminate his spousal maintenance obligation, alleging Elizabeth remarried. The trial court terminated David's $1,000 spousal maintenance obligation, but ordered him to continue paying Elizabeth the Royalty obligation. David then filed a motion to correct error, arguing the Royalty obligation was intended to be a part of spousal maintenance. The trial court granted David's motion and terminated his Royalty obligation. Thereafter, Elizabeth filed a motion to correct error, which the trial court denied. Elizabeth appeals, raising the sole issue of whether the trial court erred in terminating David's Royalty obligation. Concluding the trial court did not err in terminating David's Royalty obligation, we affirm.

# Facts and Procedural History[1]

---

[1] We held oral argument in this case on February 24, 2017 as part of the Indiana State Bar Association's Women's Bench Bar Retreat at Culver Cove Resort in Culver, Indiana. We would like to comment on the collegiality and courtesy attorneys for both parties showed each other. It sets a standard all attorneys should

[2]     On December 30, 2008, the trial court dissolved the parties' marriage and incorporated their property settlement agreement. The agreement provided,

> [David] agrees to pay [Elizabeth] spousal support/maintenance equal to [$1,000.00] per month through the Putnam County Clerk's office pursuant to Indiana Code. [David] shall pay maintenance owed since August 2008. [Elizabeth] shall be entitled to said spousal maintenance to the earliest of one of the following events occurs: (1) [Elizabeth] remarries; (2) [Elizabeth] is eligible to begin receiving payments from [David]'s pension/retirement account. If pension/retirement payments are less than $1,000.00, then [David] will make up the difference. In addition to the $1,000.00 per month spousal maintenance payment, [Elizabeth] shall be entitled to 25% of the net profits of [David]'s book royalties. [Elizabeth]'s entitlement would include revisions to books that existed at the time the Decree of Dissolution was issued and any other books written in the future.

Appellant's Appendix, Volume 2 at 12-13.

[3]     Elizabeth remarried on April 11, 2016, and David filed a motion to terminate spousal maintenance four days later. Specifically, David requested the trial court terminate his obligations to pay Elizabeth $1,000.00 per month and the Royalty. On April 21, 2016, Elizabeth filed a response to the motion, agreeing David should no longer have to pay her $1,000.00 per month but contending the Royalty obligation was not spousal maintenance and should continue in

strive to meet. We also commend counsel for their advocacy, thank the staff of the resort for their hospitality, and extend our appreciation to the attendees of the retreat for their participation.

perpetuity. On the same day, the trial court issued an order terminating spousal maintenance but ordering David to continue paying the Royalty obligation.

[4] On May 20, 2016, David filed a motion to correct error and attached evidence he would present at a hearing on the matter. Elizabeth did not file a response to the motion. On June 27, 2016, the trial court issued an order granting David's motion to correct error and ordered the April 21 order be corrected to terminate the Royalty obligation, stating the Royalty obligation "shall be considered as post-dissolution maintenance." *Id.* at 43.

[5] On July 22, 2016, Elizabeth filed a motion to correct error, arguing the property settlement agreement did not consider the Royalty obligation to be spousal maintenance. Elizabeth did not attach any evidence to her motion. On August 2, 2016, David filed a response and included his affidavit which stated Elizabeth never objected to treating the Royalty obligation as maintenance, letters from his accountant noting the Royalty obligation was treated as maintenance for tax purposes, cashier checks from 2015 indicating he included the Royalty obligation payment once a year on top of his regular $1,000 monthly payment, and his 2015 tax return indicating the Royalty obligation was treated as maintenance. Specifically, he claimed the property settlement agreement dictated the Royalty payments were a part of his spousal maintenance obligation and such a conclusion was supported by extrinsic evidence. The trial court denied Elizabeth's motion the following day. Elizabeth filed her notice of appeal on September 1, 2016, and this appeal ensued.

# Discussion and Decision

## I. Waiver

As a threshold matter, David argues Elizabeth has forfeited her right to appeal. Specifically, he interprets Elizabeth's motion to correct error as a response to his motion to correct error—rather than a separate and independent motion—and therefore claims Elizabeth's motion was untimely under Indiana Trial Rule 59(H). We disagree.

Trial Rule 59(H) provides the following when a party files a motion to correct error based on evidence outside the record:

> (1) When a motion to correct error is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion.
>
> (2) *If* a party opposes a motion to correct error made under this subdivision, that party has fifteen (15) days after service of the moving party's affidavits and motion, in which to file opposing affidavits.
>
> (3) *If* a party opposes a motion to correct error made under this subdivision, that party has fifteen (15) days after service of the moving party's affidavits and motion, in which to file its own motion to correct errors under this subdivision, and in which to assert relevant matters which relate to the kind of relief sought by the party first moving to correct error under this subdivision.

(Emphasis added.) Relevant here, Rule 59(H) affords a party the *discretion* to respond to an opposing party's motion to correct error. In the event a party files a motion to correct error and the trial court then alters, modifies, or supplements its findings or judgment, the parties have the discretion to either (1) file a new motion to correct error, or (2) immediately seek appellate review.[2] *See Breeze v. Breeze*, 421 N.E.2d 647, 650 (Ind. 1981).

[8] Here, David moved to correct error pursuant to Trial Rule 59(H). Elizabeth did not, nor was she required to, file a response to David's motion to correct error. *See* Ind. Trial Rule 59(H)(2)-(3). In granting David's motion to correct error, the trial court modified its April 21 order and terminated David's obligation to pay Elizabeth the Royalty. This alteration amounted to a change in the judgment and Elizabeth therefore had the discretion to file either a motion to correct error with the trial court or a notice of appeal with this court. *See Breeze*, 421 N.E.2d at 650. David's argument fails.[3]

---

[2] We further note apart from Elizabeth's challenge to the trial court's decision to terminate David's Royalty obligation discussed below, she also claims the trial court violated Trial Rule 59(J) in failing to explain its reasons for granting David's motion to correct error. Elizabeth is correct Rule 59(J) requires a trial court to "specify the general reasons" for granting corrective relief. Here, the trial court specified in its order the property settlement agreement dictated its decision. This argument fails.

[3] We also take this opportunity to address some confusion on behalf of the parties and also David's more specific claims of waiver. On the face of Elizabeth's brief, it appears she is arguing the trial court erred in granting David's motion to correct error, an observation David also relies on in support of his waiver argument. David is correct Elizabeth cannot appeal the trial court's ruling on David's motion to correct error because Elizabeth chose to file a subsequent motion to correct error instead of appealing the decision directly. *See Mann v. Mann*, 528 N.E.2d 821, 823 (Ind. Ct. App. 1988), *trans. denied*. However, given the procedural timeline, coupled with the parties' arguments in their briefs and at oral argument focusing solely on whether the trial court erred in terminating David's Royalty obligation, it is apparent Elizabeth can only appeal the

# II.  Property Settlement Agreement

Elizabeth is appealing from the trial court's denial of her motion to correct error in which she challenged the trial court's interpretation of the property settlement agreement.  We review rulings on motions to correct error for an abuse of discretion.  *Walker v. Kelley*, 819 N.E.2d 832, 836 (Ind. Ct. App. 2004). An abuse of discretion occurs if the trial court's decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law.  *Id.*  Where, as here, we are interpreting a property settlement agreement, we review the matter de novo.  *Shorter v. Shorter*, 851 N.E.2d 378, 382 (Ind. Ct. App. 2006).

> When interpreting these agreements, we apply the general rules applicable to the construction of contracts.  That is, unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning.  Clear and unambiguous terms in the contract are deemed conclusive, and when they are present we will not construe the contract or look to extrinsic evidence, but will merely apply the contractual provisions.  Terms are not ambiguous merely because the parties disagree as to the proper interpretation of those terms.  Our Supreme Court has determined that the dissolution court that enters a property settlement agreement is in the best position to resolve questions of interpretation and enforcement of that agreement and thus retain jurisdiction to interpret the terms of their property settlement agreements and to enforce them.
> * * *

---

trial court's denial of her motion to correct error and Elizabeth has not forfeited her right to appeal that decision.

> Where an instrument is ambiguous, we will consider all relevant evidence, including extrinsic evidence, to discern the meaning of the instrument's provisions. Ultimately, our goal is to determine the parties' intent in crafting those provisions, and to effectuate that intent.

*Id*. at 383-84 (citations omitted).

[10] Our review of the four corners of the agreement unambiguously dictates the parties intended for the Royalty obligation to be included as spousal maintenance that would terminate upon Elizabeth's remarriage. In support, we note the Royalty obligation provision is located in the same paragraph as David's $1,000 per month spousal maintenance obligation, and further, the phrase "*in addition to the $1,000 per month* spousal maintenance payment" merely modifies the *amount* of spousal maintenance David owed, not the *characterization* of the type of payment. Appellant's App., Volume 2 at 12 (emphasis added). Stated differently, had the agreement only stated "in addition to spousal maintenance," we may have found the agreement ambiguous as to whether the Royalty obligation was intended to be characterized as a separate type of support. But here, the location of the language coupled with the plain and ordinary meaning of the language unambiguously shows the parties intended to treat the Royalty obligation as spousal maintenance and therefore the trial court properly terminated David's

Royalty obligation.[4]  The trial court did not err in denying Elizabeth's motion to correct error.

# Conclusion

The trial court did not err in terminating David's Royalty obligation and therefore did not abuse its discretion in denying Elizabeth's motion to correct error arising from that decision.  Accordingly, we affirm.

Affirmed.

Baker, J., and Barnes, J., concur.

---

[4] At oral argument, counsel for each party discussed the effect extrinsic evidence may have on this case, especially Elizabeth's choice not to submit extrinsic evidence.  We certainly acknowledge Elizabeth did not submit any extrinsic evidence to the trial court, believing the agreement was unambiguous in her favor. However, we take this opportunity to make clear our decision does not rest on any evidence outside the four corners of the couple's property settlement agreement and without regard to David's additional designated evidence, and Elizabeth's decision not to submit any extrinsic evidence has no effect on our decision.  In addition, we further agree with Elizabeth's counsel that, from her perspective, there is no extrinsic evidence that could have been admitted in support of her contentions.