## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2020, 8:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Travis A. Van Winkle
Law Office of Travis Van Winkle, LLC
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Paternity of T.G.; | October 29, 2020 |
| Terrance Gray, Jr., | Court of Appeals Case No. 20A-JP-1143 |
| *Appellant-Respondent,* | Appeal from the Marion Circuit Court |
| v. | The Honorable Sheryl L. Lynch, Judge |
| Devika Naicker, | The Honorable Melissa Hayden Kramer, Commissioner |
| *Appellee-Petitioner.* | Trial Court Cause No. 49C01-1502-JP-93 |

**Najam, Judge.**

# Statement of the Case

[1] Terrance Gray, Jr. appeals the trial court's denial of his second motion to correct error. Gray raises two issues for our review:

> 1.  Whether Indiana Trial Rule 59 permitted him to file a second motion to correct error following the trial court's order on his first motion to correct error, which order modified the original final judgment.
>
> 2.  Whether the trial court erred when it dismissed Devika Naicker's petition to modify child custody for failure to prosecute without first holding a hearing on its intent to dismiss her petition.

[2] We reverse and remand with instructions.

# Facts and Procedural History

[3] On June 18, 2019, Naicker filed a petition to modify custody with respect to a minor child she had had with Gray. In January of 2020, the court held a hearing on Naicker's petition, but she did not appear. Gray then requested that the court deem admitted his request for admissions to Naicker, to which she had not responded. The court denied that request and dismissed Naicker's petition.

[4] On February 14, Gray filed his first motion to correct error. In that motion, he reiterated his position that the unresponded-to admissions should be deemed admitted. On March 13, the court entered its order on Gray's first motion to

correct error. In that order, the court deemed the admissions admitted and then affirmed its dismissal of Naicker's petition.

On April 13, Gray filed a second motion to correct error on the ground that dismissal of Naicker's petition was not a proper remedy. The trial court dismissed Gray's second motion as untimely on May 13. On June 11, Gray filed his notice of appeal, and this appeal ensued.

# Discussion and Decision[1]

### Issue One:  Gray's Second Motion to Correct Error

On appeal, Gray first asserts that the trial court erred when it denied his second motion to correct error as untimely. The trial court entered its final judgment in this matter in January of 2020 when it denied Gray's request to have the admissions deemed admitted and dismissed Naicker's petition. Gray timely filed his first motion to correct error from that judgment on February 14, 2020. As our trial rules make clear, a motion to correct error "shall be filed not later than thirty (30) days *after the entry of a final judgment . . . .*" Ind. Trial Rule 59(C) (emphasis added).

---

[1] Naicker has not filed an appellee's brief and, as such, we review Gray's arguments on appeal for *prima facie* error. *Salyer v. Washington Regular Baptist Church Cemetery*, 141 N.E.3d 384, 386 (Ind. 2020).

[7] On March 13, the court entered its order granting Gray's motion to correct error in part by deeming the admissions admitted. Thus, in that order, the court modified the original final judgment.

[8] Our Supreme Court has held that such an order permits the parties to file an additional motion to correct error. As the Court has held:

> after one motion to correct error has been filed and the trial court has subsequently altered, amended, or supplemented its findings and/or judgment, the parties have the discretion to appeal immediately or to file a new motion to correct error directed to the changed findings and/or judgment. This liberal interpretation provides the needed flexibility in our trial rule and gives an equitable opportunity for appeal to all parties. This holding is consistent with our present T[.]R. 59.

*Breeze v. Breeze*, 421 N.E.2d 647, 650 (Ind. 1981) (footnote omitted). Although *Breeze* is nearly four decades old, it is still good law. Accordingly, the trial court erred when it denied Gray's second motion to correct error as untimely.

### Issue Two:  Whether Dismissal Was Proper

[9] We thus turn to the merits of Gray's argument on appeal, namely, that the trial court erred when it dismissed Naicker's petition. The trial court dismissed Naicker's petition *sua sponte* for failure to prosecute under Indiana Trial Rule 41(E). Trial Rule 41(E) permits a trial court to dismiss a matter on its own motion, but only after the trial court orders and holds a hearing on dismissal with notice of the hearing date having been sent to the plaintiff. *See Caruthers v. State*, 58 N.E.3d 207, 211-12 (Ind. Ct. App. 2016). The trial court did not set a

hearing date or hold a hearing on its intent to dismiss Naicker's petition and did not serve her with notice of that hearing date. Accordingly, we agree with Gray that the trial court erred when it *sua sponte* dismissed Naicker's petition.

[10] Gray further asserts on appeal that the proper remedy is to deny Naicker's petition on its merits based on Naicker's admissions. But it is not our place to make that call in the first instance. Rather, we conclude that the proper resolution of this appeal is to remand with instructions for the trial court either to set a hearing date on its intent to dismiss Naicker's petition and serve Naicker with notice of that date or, alternatively, the court on remand may consider Gray's argument to deny Naicker's petition on its merits.

[11] Thus, we reverse the trial court's denial of Gray's second motion to dismiss and remand with instructions.

[12] Reversed and remanded.

Bradford, C.J., and Mathias, J., concur.